McNEW's Executors *v.* DAVID ROGERS.

PRACTICE AT LAW.—*Notice to take Depositions.*

1.  When it appears that a party attended and cross-examined a witness, notice to take his deposition need not be shown, in order to permit the same to be read.
2.  SAME. A notice to take depositions on one of two days will not authorize a party to take them on the last day, unless he commences on the first day and continues over until the second.
3.  SEMBLE, that there is no rule in the Circuit Court that prohibits a party from taking the deposition of the same witness more than once; but if there were, an abortive attempt to take a deposition would not exclude one subsequently taken.

It appears from the record in this cause,·that at the January term, 1845, an order was made giving both parties leave to take depositions generally. At the January term, 1847, an order was made reviving. all orders

(1) Justice of Peace no jurisdiction in such cases. · Vanbibber v. Vanbibber, 10 Humph. 53. Unless such suretyship appear on the face of the note, bill, bond, etc., Cannon v. Wood, 2 Sneed 177. Statutes authorizing such motions to be strictly construed and pursued, Fussel v. Greenfield, 1 Sneed 337; Voorhies v. Dickson, 1 Sneed 348; Watkins v. Barnes, 1 Sneed 201.

McNew's Executors v. Rogers.

previously made. Between the said terms several special orders were made.

Sneed and Rogers, for defendant.

GREEN, J., delivered the opinion of the Court:

1. The order of 1845 was revived by the express words of the order of 1847, and therefore the depositions of J. C. Petre and Alvis Kincaid were taken in pursuance of an order of Court. The argument that the order of January, 1847, revived only the special orders made in the cause, and did not apply to the general order of January, 1845, is not satisfactory. But it is said there was no notice shown. When it appears that the party attended and cross-examined the witnesses, it is not necessary to show a notice to take the depositions. (1) Upon both these grounds the depositions of Petre and Kincaid were improperly rejected.

2. The depositions of White, —— and Garnett were properly rejected. A notice to take depositions on one of two days will not authorize the party to take them on the last day, unless he commenced on the first and continued over until the second.

Supplemental opinion. The court knows of no practice in the Circuit Court that prohibits a party from taking the deposition of the same witness more than once. But if such *were* the practice, an abortive attempt to take the deposition would not be a ground for excluding one subsequently taken. (2)

Judgment *reversed* and cause *remanded* for a new trial.

(1) Bedford v. Ingram, 5 Hay. 155, 164.
(2) Foster v. Smith, 2 Cold. 474, 484.