## No. 1071.

### THE STATE OF LOUISIANA VS. B. O'KEAN.

A trial Judge rightfully refuses a question to be put to a witness under cross-examination, to impeach his veracity, unless a foundation has been previously laid to that end. Such witness cannot, in a case of embezzlement, be asked to examine accounts other than those of the accused. Error in such accounts would not prove error in that of the prisoner.

A trial Judge cannot be asked to charge the jury so as to express an opinion as to what facts have been proved. It lies within the exclusive province of the jury to weigh the evidence adduced on the trial.

The failure of an accused to pay over the money which he is charged of having embezzled, if unexplained, does not of itself raise a presumption of a felonious appropriation sufficient to convict.

A bill of exception taken to the overruling of a motion for a new trial, which is levelled exclusively at the verdict, because contrary to the evidence, is devoid of merit, as it presents no question of law which this Court can consider.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman,* J.

*J. C. Egan,* Attorney General, for the State, Appellee.

*J. N. Healey* and *R. S. Dennee* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a judgment sentencing him on a verdict of guilty of embezzlement to one year at hard labor.

The record contains four bills of exception: *one,* taken to the refusal of the Judge to allow a question to be put and answered; *two,* to his

| | |
|---|---|
| 35 | 901 |
| 44 | 961 |
| 35 | 901 |
| 46 | 1519 |
| 35 | 901 |
| 47 | 436 |
| 47 | 441 |
| 35 | 901 |
| 112 | 334 |
| 35 | 901 |
| 118 | 554 |
| 118 | 557 |
| f118 | 558 |

refusal to give charges asked, and a *last* one to his overruling of the motion for a new trial.

The *first* bill shows, that the prosecuting witness, being under cross-examination, counsel for the defense asked him to " examine the books in his charge, turn to the account of one Platt, and state the condition of his and other accounts."

On objection of the district attorney, the court refused to allow the question to be answered.

It is claimed that the question was sought to be put to discredit the evidence of the witness and thus to show him unworthy of belief.

It does not appear from the bill that the witness had previously tes-. tified in relation to the accounts which he was asked to examine and to state the condition of. It is difficult to perceive how an answer touching those accounts, whether responsive or not, could have impeached the veracity of the witness. No foundation having previously been laid, the question was clearly irrelevant. Errors in the accounts of other parties would not have established errors in the account of the accused.

The *second* bill shows that the Judge refused to instruct the jury :

" That the information charges that the money was embezzled as a clerk, and the evidence establishing the fact that the prisoner was a solicitor and salesman. Upon such showing and under such circumstances, the prisoner should be acquitted of the charge as laid in the information."

This charge implied the expression of a knowledge of the facts proved and required a comment upon the evidence. It appertained exclusively to the jury to ascertain and determine whether the accused, at the time of the alleged commission of the offense, was or not in the employ of the prosecuting witness in the fiduciary capacity of a clerk, and then committed the act for which he stands prosecuted.

Judging from appearances, it would seem that counsel for defendant probably intended to ask the Judge to expound to the jury the meaning, purport and definition of the word *clerk*, as used in the statute, and to state to them that a solicitor or salesman was not such clerk and did not come within the purview of the definition ; but the Judge, not having been thus requested, properly declined to give the charges as asked. It remained justly with the jury to find whether, under the evidence, the defendant, acting as he did, was or not a *clerk* under the statute.

The *third* ground of complaint is, that the Judge refused to charge the jury that " the failure of the accused to pay over the money, if un-

State vs. O'Kean.

explained, does not of itself raise a presumption of a felonious appropriation sufficient to convict.

The Judge refused the charge, on the ground that it had no bearing on the case, and that the failure of the accused to pay had already been unmistakably explained.

Deprived of the knowledge which the Judge had of the facts, we cannot say what was the explanation given. While we attach due weight to his views, we find that they are reticent on that particular subject, and incline to believe that the charge requested was proper and legitimate. It would not, as apprehended, have confused the mind of the jury. Its object was, on the contrary, in a case of embezzlement like this, to enlighten the jury by furnishing them with information and knowledge touching the elements and ingredients necessary to constitute the offense charged and the quantum of evidence required by law in such a case. The failure of the accused to pay may, as stated, have been unmistakably explained, but the explanation, whatever it was, incriminating or exculpatory, was a circumstance of great significance, which was to be found and considered by the jury.

The prosecution was carried on under the provisions of Sec. 905 of the R. S., which is to the effect, that any clerk who shall wrongfully use, dispose of, conceal, or otherwise embezzle any money which he shall have received for his employer, shall suffer imprisonment at hard labor not exceeding seven nor less than one year.

Embezzlement is defined to be the felonious appropriation of the property of another by one to whom it has been entrusted.

The law discriminates between the embezzlement of public and private property by public officers and private individuals, and legislates by different statutes for the two sorts of embezzlement.

In the case of embezzlement of public property, the neglect to pay over on demand is *prima facie* evidence of its conversion and embezzlement. R. S. 903.

Although it does not say so explicity, in the case of embezzlement of private property, it would seem that the *mere* failure to pay should not be sufficient to convict. There should in such a case be shown *a demand*, as an essential ingredient for conviction, from which a wrongful disposition or felonious appropriation could be inferred. The failure to pay *without proof of such demand*, that is, *of itself*, would not therefore be sufficient to convict. R. S. 905.

The charge asked was recognized as legal in People vs. Carillo, 54 Cal. 64 ; see also State vs. Leonard, 6 Cald. 307, (Tenn.)

We think the charge should have been given.

The *last* bill is taken to the overruling of the motion for a new trial.

It is devoid of merit. The motion for a new trial is levelled at the verdict, as being contrary to the *evidence* submitted to the jury, and tenders no question of law which we are authorized to consider. With the guilt or innocence of the accused, as the same may result from the facts proved on the trial, we have no concern.

Decreeing that the charge included on the third bill should have been given, we must remand the case.

It is, therefore, ordered and decreed that the verdict herein be set aside, and that the judgment and sentence upon it be annulled and reversed. It is further ordered and decreed that this case be remanded to the lower court for a new trial and further proceedings, according to the views herein expressed and according to law.