Halphen vs. Guilbeau and Broussard.

## No. 1244.

### OSCAR HALPHEN VS. U. A. GUILBEAU AND LÉZAIRE BROUSSARD.

Where the suit is in its inception a contested election-case and the appeal comes up on a question of pleading at the proper time and place for appeals in such cases, it will not be dismissed on the ground that the suit has been converted into an action under the Intrusion Act which should have been returned in ten days.

An appeal from a judgment dismissing the suit cannot be dismissed for prematurity.

Where a suit has been stolen from the court-house and the plaintiff files another reciting the allegations of the first and other proceedings therein, the plea of *lis pendens* is not maintainable.

A stolen suit may be reconstructed and reinstated in other ways than that specifically provided by general or special statutes. A new petition setting forth the allegations of the first, or incorporating a copy of it, may be as efficacious and is as permissible as the special methods pointed out by the statutes.

*Neither is it necessary that the lost suit should be reconstructed by judgment of court in a separate and independent suit before renewing the allegations upon which the contest for the office is made, although the facts that the allegations and objects of the two suits are substantially the same and that the first was brought with the formalities and within the time prescribed, must be satisfactorily established before the defendant can be compelled to answer to the merits of the main action.*

The new petition is a substitute for the first and a trial is had upon it as it would have been had upon the first with the additional issues raised, whether such first suit had ever in fact been instituted and the proceedings had thereunder as alleged.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Gates*, J.

*Edw. Simon, C. H. Mouton* and *Jos. A. Breaux* for Plaintiff and Appellant.

*F. Voorhies* and *Robert Perry* for Defendant and Appellee.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. At the general election in the spring of 1884 Oscar Halphen and U. A. Guilbeau were rival candidates for the shrievalty of St. Martin parish. Guilbeau was returned and Halphen filed a suit on May 21st asserting his election to the office and praying judgment for induction therein.

The motion to dismiss is on two grounds:

1. That the suit involves the right to an office and the appeal should have been returned in ten days.

The judgment was rendered six months ago and the appeal was taken here at the next regular term thereafter. This is the proper course in contested election cases. State *ex rel* Young v. Judge, Man-

ning's Unrep. Cas. 237 followed in Duson v. Thompson, 32 Ann. 863 ; State *ex rel* Jeter v. Judge, Mann. Unrep. Cas. 281.

The appeal in its present shape does not present the merits but merely a question of pleading, and therefore we will not say now what is the technical character of the action except that as first instituted against Guilbeau it was undoubtedly a contest of an election, and as the appeal is on the form of pleading we shall maintain that it is rightly taken at this stage of the case.

2. That an appeal does not lie from an interlocutory judgment such as this.

As the judgment sustained an exception the effect of which was to dismiss the suit, it is difficult to imagine a judgment that more imperatively requires an appeal for its rectification.

The motion is denied.

### ON EXCEPTION.

Although Guilbeau had been commissioned he refused or failed to qualify and the time for qualifying having elapsed, the Governor appointed Lezaire Broussard to the vacancy. Halphen then filed an amended petition reciting these charges and made Broussard a party, and shortly thereafter the suit with all the papers connected therewith was stolen from the court-house and no trace of them has been discovered.

Halphen then filed the present petition in which he sets out his antecedent suit and its loss and the allegations thereof, and thus attempts to reinstate or reconstruct it and prays judgment, as he had prayed in the original.

The defendants except on various grounds:—

1. *Lis pendens* in this, that the former suit is alleged to contain the same allegations and to present the same issue as the present and its pendency is a bar to the present action.

The maintenance of this branch of the exception would forever prevent the plaintiff from obtaining a judicial determination of his action and thus make him the victim of an act for which he is not responsible. It would establish the precedent that the abstraction of a pending suit from the public records is a protection of the defendant from further pursuit and would be an invitation to the repetition of like acts in other cases.

2. That the object of this suit is to re-establish and reinstate a lost suit which cannot be attained in this way, but a rule should have been taken and served to show cause why the lost proceedings should not be reinstated and the former suit be reconstructed.

3. If it be held that such form is permissible, then all other matters should be eliminated from the petition and the inquiry be limited to the ascertainment whether the allegations now made are the same as those in the first suit and the relief sought now is the same as that sought before.

The lower judge sustained the second branch of the exception for the reason that an Act of 1878 provides a particular mode of reinstating a lost suit, viz, by obtaining copies of the several papers in it from the book in which the clerk is required to record them and filing them in lieu of the lost originals. Sess. Acts 1878, p. 42. And he accordingly dismissed the plaintiff. His ruling is error.

The object of the legislature in providing this mode of relief would be frustrated by the failure of the clerk to record the petition and other papers. It would be frustrated in this case, if we maintained the ruling, as the fact was the clerk had not recorded them, and numerous parishes if not all would be unable to adopt this statutory mode of relief because in most offices such book of judicial records is not kept at all.

The legislature did not intend to exclude other modes of relief when it adopted this particular one. In fact this case shews the statutory remedy to be less efficacious than the ordinary modes which are left untouched by the statute. Several parishes have lost all their public records by the burning of their court-houses and special Acts have been passed providing for the reinstatement of them. In a case coming up from one of these parishes where a reinstatement of a lost suit was attempted by a petition reciting the contents of the original as in the suit at bar, it was held good. The process adopted in that case was a rule and doubtless it suggested that feature in the exception now before us. Wallace v. Calhoun, Manning's Unrep. Cas. 353. But there is no reason why a citation with copy of the petition should not be equally as good process as a rule. In the above-cited case no service had been made which defeated the attempt to reinstate, but in this case service has been made.

We do not think the third clause of the exception more tenable than the others. Except to avoid prescription it would not matter that the first suit had never been instituted, and to hold that the plaintiff must first go through the regular stages of a suit to re-establish his lost suit and obtain a judgment therefor before he can approach the main object of his action would be to invent obstructions in pleading to delay suits.

Unquestionably the plaintiff could have brought a new suit out-and-out and at the time he brought this one, but for the necessity that such suit must be filed within a given time after the election. His sole object in alleging the institution of the first suit] is to bring himself within the time given for action and to avoid prescription. It matters not therefore if he never obtains a formal judgment of reinstatement. He does not need any for his purposes. What he does need is to prove that he brought suit with the necessary allegations within the time the law permits and took [such other steps as · the law prescribes in; the premises, and he must do this before the defendants can be compelled to answer to the merits of the shrievalty contest, for *non constat* that he can re-establish or reconstruct the lost suit or prove that' it was filed in time. Of course we at present ignore the documents and papers in the record upon that issue while we are considering this exception. Having re-established his lost suit, he can then proceed with his proof on his [present allegations touching the*shrievalty contest.

There are other questions raised in the record which we do not touch. The case went off on the branches of the exception which we have noticed and we decide no others.

It is therefore ordered and decreed that the judgment of the lower court is reversed and the cause is remanded for further proceedings according to law, the costs of appeal to be paid by the defendant appellee.