The opinion of the court was delivered by
Watkins, J.
The defendant was indicted under See. 905 of the Revised Statutes denouncing the crime of embezzlement against an agent, clerk, trustee, mandatary, depositary, etc.
To the indictment the defendant’s counsel filed a motion to quash oil the ground that same “is not sufficient in law;” and the motion having been sustained and the indictment quashed, the State has appealed.
Was the indictment sufficient in law?
The phraseology of the indictment is as follows, viz.:
“That Lem Flournoy, being then and there depositary of J. Thomas, did then and there, by virtue of his said trust, have, receive and take into his possession one cow, of the value of twenty-five dollars in United States currency, of the property, goods and chattels of the said J. Thomas, the said Lem Flournoy’s said depositor, and the said Lem Flournoy, depositary as aforesaid, the said cow, then and there feloniously and wrongfully did embezzle, use, and dispose of, contrary,” etc.
The trial judge assigned the following reasons for sustaining the motion and quashing the indictment, to-wit:
*1519 “ Because the indictment failed to allege that a demand had been made for the return of the property alleged to have been embezzled. Although it does not say so explicitly, in the case of the embezzlement of private property (which was the ease here) it would seem that the mere failure to pay should not be sufficient to convict.
“ There should, in such a case, be shown a demand as an essential ingredient for conviction, from which a wrongful or felonious appropriation could be inferred. The failure to pay without proof of such demand, that is of itself, would not therefore be sufficient to convict.
“This quotation is taken from State vs. O’Kean, 85 An. 901, in which it was held that before the offence of embezzlement can be mqde out, it must appear that a demand for the property embezzled was made; and whatever is essential to be proved, it is essential to allege.
“See Desty Criminal Law, Sec. 146; 2 Bishop Criminal Law, Sec. 37.”
The counsel for the State insists that the principle quoted by the trial judge from the O’Kean case relates to the quantum of evidence sufficient to convict, and not to the adequacy of averment in the indictment charging the embezzlement; and that the question in that case ar®se with respect to the charge of the judge, and not with respect to a motion to quash the indictment.
An examination of the O’Kean case discloses that language quoted by the trial judge from our opinion is found under the head styled “the third ground of complaint,” which was “that the judge (had) refused to charge the jury that the failure of the accused to pay over the money, if unexplained, does not of itself raise a presumption of a felonious appropriation sufficient to convict.”
And it further appears from our opinion that the requested charge ought to have been given by the trial judge, though it was not — citing the authorities — and we said: “ Decreeing that the charge included in the third bill should have been given, we must remand the case.”
It is clear, therefore, that the expression of the court selected from that case was in reference to the charge of the judge to the jury, and not to a motion to quash the indictment.
Not only is such the case, but the opinion furnishes still further proof of the inapplicability of the principle announced to the sufficiency of an indictment for embezzlement, in that upon the exami *1520 nation of the second bill of exceptions it stated “that the judge refused to instruct the jury: ‘ That the information charges that the money was embezzled as a clerk, and the evidence establishes the fact that the prisoner was a solicitor and salesman. Upon such showing and under such circumstances, the prisoner should be acquitted of the charge as laid in the indictment.’ This charge implied the expression of a knowledge of the facts and required a comment upon the evidence. It appertained exclusively to the jury to ascertain and determine whether or not the accused * * * was in the employ,” etc.
Prom the foregoing it seems that the defendant was simply indicted for embezzlement as a clerk, and while not passing on the question of the sufficiency of the indictment, yet it is manifestly inferable from all that was said that it was not deemed objectionable; and we glean from what was said that the indictment in that was similar to the one in the instant case.
This particular kind of embezzlement is defined thus:
“Any servant, clerk, broker, agent, consignee, trustee, attorney, mandatary, depositary, * * * who shall wrongfully use, dispose of, conceal, or otherwise embezzle any money, bill, note, check, order, * * * or any other property which he shall have received for another, or for his employer, .principal or bailor, or by virtue of his office, trust or employment, or which shall have been entrusted to his care, * * * upon conviction thereof * * * shall suffer imprisonment at hard labor,” etc. Revised Statutes, Sec. 905.
The indictment in the instant case used the words, namely: “feloniously and wrongfully did embezzle, use and dispose of,” and same are almost identical with the words and terms of the statute.
In State vs. Wolf, 34 An. 1153, it was held that “embezzlement is not a common law offence.”
It is made so by our statute; and in such case an indictment is sufficient in terms, if it follows the statute substantially.
In State vs. Eames, 39 An. 986, in which the charge was that of embezzlement under Revised Statutes, Sec. 903, against the treasurer of public school funds, and the language of the indictment was that the defendant did “feloniously, wrongfully use and convert to his own use, and conceal and embezzle eight hundred dollars,” etc.; *1521 •and the question raised being upon a motion to quash the indictment this court said:
“ But it is no essential that the offence should be described in the language of the statute. It is sufficient if all the elements of this offence are set forth in words of similar import to those employed in the statute; that is, in such words as clearly convey the real meaning of the language used in the statute. State vs. Williams, 37 An. 776; State vs. Humphreys, 35 An. 966; State vs. Hood, 6 An. 179.”
By a fair test of the indictment, under the words of the statute and in the light of the foregoing decisions, it would seem that it is good and sufficient; and that without impeaching or gainsaying anything that was said in the O’Kean case. But the most pertinent and applicable case is that of State vs. Fricker, 45 An. 647, the indictment wherein was found under the identical section of the Revised Statutes we are now considering — Sec. 905 — and was drawn in quite similar language to that employed in the indictment in the instant case; and, in the course of our opinion, we said that “ the instant information is complete in its compliance with every statutory requirement.” For illustration see State vs. Roubles, 43 An. 200.
Counsel for the State say in their brief: •
“The lower judge has confounded the evidence of embezzlement with the crime of embezzlement itself, and virtually holds that a demand and failure to pay over is the only evidence by which the crime of embezzlement under Sec. 905 of the Revised Statutes can be established. This position is refuted by the very terms of the statute itself, which declares that a wrongful use, or concealment or disposal of, or any embezzlement otherwise shall constitute the offence.”
And with all respect for the good judgment of our learned brother ■of the lower court we are of the opinion that he has confounded the evidence of embezzlement with the crime of embezzlement itself, and in quashing the indictment has relied upon the jurisprudence ap - plicable to the sufficiency of evidence to convict.
We think it clear that the ruling and decree of the trial judge were erroneous and should be set aside.
It is, therefore, ordered and decreed that the ruling and decree of the trial judge quashing and setting aside the indictment be annulled and revoked, and it is further ordered and decreed that the indict *1522 ment be and the same is reinstated and the cause remanded to the court below, there to be further proceeded with according to law and the views herein expressed.