## No. 11,757.

### STATE OF LOUISIANA VS. AMBROSE SMITH.

Intent is an essential element of the crime of embezzlement charged against an agent or attorney.

If it be shown by the evidence that the defendant believed that his client had consented that he might use the money which had been entrusted to him as a loan on interest, notwithstanding his belief was erroneous, the subsequent appropriation by the defendant did not constitute a wrongful and felonious appropriation in the sense of our statute denouncing the crime of embezzlement against an attorney.

APPEAL from the Criminal District Court for the Parish of Orleans. *Ferguson, J.*

---

*A. D. Henriques* of Counsel for State, Appellee.

---

*C. H. & C. C. Luzenberg, Girault Farrar* and *J. G. Hawkes* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J.  The defendant was indicted and convicted of the crime of embezzlement as an attorney, and from a judgment and sentence to imprisonment in the State penitentiary for a term of three years he has appealed, relying on three bills of exception taken to the rulings of the trial judge.

The *first* bill relates to an exception defendant's counsel tendered to the charge of the court.

The *second* relates to the judge's declination to give to the jury a special charge as requested by the defendant's counsel.

The *third* relates to the judge's refusal to grant the defendant a new trial.

Before proceeding to the consideration of these bills of exception we conceive that a few preliminary observations are necessary to a clear and correct elucidation of them.

The indictment is drawn in conformity with the provisions of Act 31 of 1888, it being an act amendatory of Sec. 905 of the Revised Statutes " relative to embezzlement and breach of trust." A comparison made of the section of the Revised Statutes with the act amendatory thereof discloses that the only change that is made in the former by the latter is the omission of the *last* phrase in the section, viz.: " nor less than one year."

In all other respects the two statutes are identical; the phrase omitted exclusively appertaining to the *penalty* for embezzlement and not to the elements thereof.

There are two counts in the indictment, the *first* charging the defendant with having, while acting as the attorney of one C. W. Sterry, obtained from the Board of Commissioners of the Orleans Levee District, for and on account of his said principal, a warrant on the Auditor of Public Accounts of this State, for the sum of one thousand dollars, and with having embezzled the same; the *second* charging defendant with having, while still acting as the attorney to the said C. W. Sterry, obtained for him and on his account the sum of one thousand dollars in money, and with having embezzled the same.

The language of the indictment has its importance in aiding us in correctly determining the questions before us.  Those bearing upon these questions are as follows, viz.:

" That one Ambrose Smith,  *  *  *  on the 17th day of May,

28

1893, with force and arms, * * * being then the attorney of one C. W. Sterry, did, by virtue of his employment, then and there, whilst he was employed as aforesaid, receive and take into his possession, for and in the name and on the account of said C. W. Sterry, his principal as aforesaid, a certain order for the payment of money, to-wit ''—omitting description of the instrument—'' which said order for the payment of the said sum of one thousand dollars he, the said Ambrose Smith, did then feloniously and wrongfully use, conceal, dispose of and otherwise embezzle, contrary to the form of the statute,'' etc.

'' That on the day of the month aforesaid * * * the said Ambrose Smith, being then the attorney of one C. W. Sterry, did, by virtue of his such employment, then and whilst he was so employed as aforesaid, receive and take into his possession, for and in the name and on the account of the said C. W. Sterry, his principal and client as aforesaid, certain money, viz.: the sum of one thousand dollars in lawful money of the United States of America, and the said money so received as aforesaid he, the said Ambrose Smith, did then feloniously, wrongfully use, conceal, dispose of and otherwise embezzle, contrary to the form of the statute,'' etc.

The record shows that the jury rendered a verdict of ''not guilty as to the first count,'' and '' guilty on the second count,'' hence the appeal presents here nothing except the second count, which appertains to the charge against the defendant of the embezzlement of the *money* of C. W. Sterry, which had been entrusted to him as his attorney.

The portions of the statute which are applicable are indicated by the following extracts from the act of 1888, viz.:

''Any servant, clerk, broker, agent, consignee, *attorney*, mandatory, * * * who shall *wrongfully use*, dispose of, conceal, or otherwise embezzle any *money* or any other property which he shall have received from another, or for his employer, principal or bailor, * * * or which shall have been entrusted to his care, keeping or possession by another, or by his employer, principal or bailor, * * * upon conviction thereof * * * shall suffer imprisonment at hard labor,'' etc.

It is evident that the *gravamen* of the charge, as well as the essential element of the crime which is denounced in the statute, is that any attorney who shall *wrongfully use*, dispose of, conceal, or other-

wise embezzle any money which he shall have received from his client, or principal, or which said client or principal shall have entrusted to his care, keeping or possession, upon conviction shall suffer imprisonment.

The language of the indictment is, " did then *feloniously, wrongfully use, conceal and dispose of*," whilst the language of the statute is, "who shall *wrongfully use*, dispose of, conceal, or otherwise embezzle."

While it is true that under our law embezzlement is a statutory offence, yet the words of our statute "·shall wrongfully use" follow very closely the words of the statute of George IV, " shall fraudulently embezzle." State vs. Wolf, 34 An. 1153.

Following this analogy, we find in Bishop the following, viz.:

"If the word '*embezzle*' is qualified in the statute by '*fraudulently*' or *any other*, the. qualifying word should, of course, be also used in the indictment." 2 Bish. Crim. Proceedings, Sec. 323.

And that author further states:

" Since the offence is a *felony*, the more common opinion *requires* it to be charged as committed *feloniously*, whether this word is in the statute or not." *Ibid.* (Our italics.)

Wharton lays down quite a similar rule and prefaces the statement by defining embezzlement to be " an *intentional and fraudulent appropriation* of the goods of another, by a person entrusted with the property of the same." (Our italics.) 1 Wharton's Criminal Law, Sec. 1009; citing State vs. Wolf, 34 An. 1153.

He further declares:

" 'Feloniously,' when the offence is a felony, must be used, etc. * * * But statutory characteristics of the offence must be given. The *felonious intent must be* proved." *Id.*, Sec. 1045.

In this connection it is worthy of note that our statutes recognize and establish two *essentially* different kinds of embezzlement.

The *first* is that of the *simple appropriation of public money* by a public officer. Revised Statutes, Sec. 903.

The *second* is of the *wrongful use* by an agent or attorney of *any money* which shall have been entrusted to him by his principal or client. Revised Statutes, Sec. 905.

There is also a *third* kind of embezzlement which differs in respect to the *person;* that is to say, it is that of any president, or other officer of the bank, who shall *knowingly and wilfully embezzle*, or

convert to his own use, any money belonging to such bank or deposited therein.    Revised Statutes, Sec. 907.

It is sufficient to allege and prove the *first* only, that the public officer *converted to his own use* any portion of the public money which was entrusted to his safe keeping.    The law declares in terms that in such case "the neglect or refusal to pay over on demand any *public money* in his hands in the manner required by law shall be *prima facie* evidence of its conversion and embezzlement," etc. Revised Statutes, 903, last paragraph.

But this is not the case in respect to either of the other kinds of embezzlement, for, in one case, it must be alleged and proved that the attorney did *wrongfully use* or dispose of the *private, individual* money of his client (Revised Statutes, 905) ; and, in the other case, that the president or other bank official did *knowingly and wilfully* embezzle or convert to his own use the money of the bank or that which had been deposited therein.    Revised Statutes, Sec. 907.

State vs. Eames, 39 An. 987, presents the case of a school treasurer charged with embezzling public money.    Likewise the case of State vs. Exnicious, 33 An. 253; State vs. Thompson, 32 An. 796; and State vs. Belden, 35 An. 823, present cases of attorneys charged with the embezzlement of the money of clients.    State vs. Palmer, 32 An. 565, presents the case of a bank president charged with embezzling the funds of a bank.    State vs. O'Kean, 35 An. 901.

Each of these cases present the distinctive features and characteristics of the respective statutes, and with these lights before us we may proceed with the investigation of the bills of exception presented in the record.

But, as the *second* strikes our minds as being of greatest importance, aud which, if the view of defendant's counsel obtains, will necessarily result in granting a new trial, we will take it up and dispose of it first.

The following is a literal reproduction of the defendant's *second* bill of exceptions, which we have copied from their brief—comparison of same with the record having verified its correctness:

" *Bill of Exceptions No. 2. Filed February 5, 1895.*

" THE STATE OF LOUISIANA ⎱ Criminal District Court,
         *vs.*         ⎰ Section " A," No. 21,969.
AMBROSE SMITH.

" INDICTMENT FOR EMBEZZLEMENT.

" Be it remembered that, on the trial of the above entitled and numbered cause, on this 30th day of January, 1895, it having been testified to the jury and court by defendant herein, duly sworn as a witness in his own behalf, that shortly after collecting the money for the prosecuting witness (with the embezzlement of which he is charged in this indictment), he had written to the prosecuting witness, advising him of such collection, and asking his permission to retain the money as a loan on interest; that not having received any reply from the prosecuting witness to such letter, he construed his silence as a consent to such request; that he felt justified in so doing, from the fact of his having sustained with the prosecuting witness the most intimate professional relations for a period of some eleven years, he having been during said period, continuously, the attorney and counsellor for said prosecuting witness; that acting on such belief he did use the said money as a loan; that subsequently, in an interview with the prosecuting witness, in this city, at his (defendant's) office, he considered this consent again expressed, stating to the court and jury that ' if he (the prosecuting witness) had insisted on his money he would have given it to him.' And it also having been testified to the court and jury herein, by said defendant, and also by T. M. Gill, Esq., an attorney and counsellor at law in this city, that, at an interview held in this city, at the office of B. R. Forman, Esq. (subsequent to the last above mentioned interview), between the prosecuting witness and the said B. R. Forman and the said T. M. Gill and this defendant, the prosecuting witness said to this defendant, in the presence and hearing of the said T. M. Gill, in answer to a direct question from this defendant, to-wit: 'Did you not consent to my using this money as a loan, paying you the same interest therefor that I was paying on my other loan from you of eight hundred dollars? ' 'Yes, I did; but when I wanted my money you would not pay it to me.'

" After the evidence and argument on both sides had been heard, and the judge had given his charge to the jury herein, the court was

requested by counsel for defence to charge the following special charge or request, viz.: ' *If the jury believe, from the evidence, that the accused believed, whether correctly or not, that the prosecuting witness authorized him to keep and use the money collected as a loan, on interest, there is no embezzlement, and they must acquit the accused.*'

" But the court refused and declined to give such charge to the jury.   To which ruling of the court the accused, through his counsel, excepted before the jury retired, and tenders this his bill of exceptions, to be signed by the judge."

" The court:

" I refused to give this charge, for the reasons specifically stated, applicable thereto, in my written opinion on the motion for a new trial in the case, which opinion is made part hereof.

  (Signed)       " J. H. FERGUSON, *Judge.*"

The only portion of the reasons of the trial judge for overruling the motion for a new trial which have any applicability to the requested special charge is that which is embodied in paragraph three (3), and as it is short we will quote it in its entirety, viz.:

" 3. This ground refers particularly to *intent.*   It is contended that there must be a *criminal intent* in order to constitute the crime of embezzlement.   That if defendant believed, whether correctly or not, that the prosecuting witness authorized him to use the money collected as a loan on interest, then there was no embezzlement.

" In the case entitled State vs. Fricker, 45 An. 646, the Supreme Court held: ' This court has already defined the crime of embezzlement as constituted by our statute, and we have not held it to be a statutory larceny.   On the contrary we said embezzlement means to appropriate to one's own use property or money entrusted to him by his employer.'   One of the essential elements, says the trial judge, in larceny is criminal intent; therefore, it necessarily follows that if, according to said decision, embezzlement under our statute is not a statutory larceny, and that there are none of the elements of larceny embodied in it, intent is not an essential element of embezzlement as constituted by our statute.

" If the position of defendant be correct, *all that would be required of the party accused of crime,* in order to secure an acquittal, would be for him *to declare that he believed* and had good reason to believe that he had the right to do the act.

"This would be fraught with incalculable danger. I consider the position untenable."

A casual inspection of the foregoing statement makes it apparent that the learned judge did not fully apprehend the scope and purpose of the requested special charge.

It was that "if the *jury believe* from the *evidence* that the *accused believed*" that he was authorized to use the money; while the judge's statement is that " all that would be required of a party accused of crime in order to secure an acquittal would be to *declare that he believed*," etc.

The two are totally different things. Of course the mere *ipse dixit* of the accused would not suffice. No one contends for that. But the question is if the *jury believed from the evidence—all* the evidence adduced—that the defendant *believed* he was authorized to use the money, could there have been a *wrongful* and *felonious* appropriation of the money by the defendant within the intendment of the statute?

This court having held, in State vs. Fricker, that embezzlement is not the equivalent of statutory larceny, the judge's conclusion was that "intent is not an essential element of embezzlement as constituted by statute."

But we are of opinion that the judge has drawn an incorrect inference from the Fricker case. What we intended to emphasize in our opinion was that "the crime of embezzlement, as constituted by our statute," is " not a statutory larceny," because "embezzlement means to appropriate to one's own use property or money *entrusted* to him by his employer; and larceny is just the opposite, in that it consists in an *unlawful* and *felonious taking* the goods or money of another against the will of the owner. In the case of embezzlement the essential element is a *wrongful* appropriation of a thing by one to whom it has been entrusted; whilst in the case of larceny the essential thing is the *felonious* taking a thing by one who has neither right to or possession thereof.

This is the full purport of that decision; and, in our view, it is in keeping with prior adjudications on the question. It is for this particular reason, as stated by authors and jurists, that for a long period of time great difficulty was experienced in England in so framing a statute as to meet every contingency in which a public and private trust should be criminally violated without touching upon precepts that were applicable to larceny only.

Hence we feel confident that it was not our intention to hold in the Fricker case, as the trial judge infers, that "intent is not an essential element of embezzlement, as constituted by our statute."

Indeed, we can not perceive in what manner a *wrongful* and *felonious* appropriation could be made out without proof, or strong and conclusive inference of *intent* on the part of the trustee, agent or attorney.

To thus hold would, in our opinion, be to negative the words of the statute, and relieve the State from establishing by proof the *gravamen* of the charge of the indictment. It would be to alter the evident intention and purpose of the Legislature in making a distinction between the embezzlement of *public money* and the money of a private individual, by declaring proof of a simple appropriation, enough to justify a conviction.

Such, evidently, was the view of our learned brother of the District Court, as appears by his general charge, as by his reasons for refusing defendant's special charge.

Nor is this matter left to speculation or doubt. It is settled, in our opinion, by the current and great weight of authority.

Wharton defines embezzlement of this kind to be "an *intentional* and fraudulent appropriation of the goods of another by a person *entrusted* with the property of the same." 1 Wharton Criminal Law, Sec. 1009.

The only authority that is cited by that author is State vs. Wolf, 34 An. 1153, which cites and follows the precepts of the English statute of Henry and George, " shall *fraudulently* embezzle," and our own statute, " shall *wrongfully* use."

But that author emphatically states:

"But the statutory characteristics of the offence must be given."

"The *felonious intent* must be proved." *Id.*, Sec. 1045.

He again says:

" Since embezzlement necessarily involves secrecy and stealth, if in rendering his account, instead of denying the appropriation of property he admits the appropriation, alleging a right in himself, no matter how unfounded, his offence in taking and keeping is no embezzlement." *Id.*, Sec. 1030.

He then states the converse of that proposition thus:

" The *fraudulent appropriation* is to be inferred from facts, among which is the denial of the reception, or the suppression of the fact of

its reception. And it is usual to require, in addition to proof of reception, flight, or other facts, inferring fraud, etc." *Id.*, Sec. 1030.

On the same subject, and much to the same effect, Mr. Bishop says:

"The criminal wrong must be proved in all of its elements."

And *per contra:*

"Evidence is admissible, on behalf of the defendant, that the owner of the thing permitted him to convert it to his own use." 2 Bishop Criminal Procedure, Sec. 327.

One bill of exceptions that was passed upon in the case of State vs. Thompson, 32 An. 796, very clearly illustrates the question of intent as a factor in this kind of embezzlement. It is the one in which complaint is made of the judge's charge in respect to an attorney's privilege on judgments obtained by him; the court adding, *(Id.,* 798) "that if the defendant keep more than his fee out of the amount of the reception of the money, and feloniously convert the balance to his own use by embezzling it, he is guilty as alleged."

This court simply said: "It was a proper charge."

There this court recognized the right of an attorney to withdraw from the sum collected the amount of his fee without incurring the dire consequences of embezzlement; but it attached its consequences to the *felonious* appropriation of the remainder.

In State vs. Belden, 35 An. 823, the court, in treating of the words of the statute, "wrongfully use, etc.," adopted the language of the Massachusetts court, and said:

"There are facts and circumstances admissible in evidence, as bearing upon the question of *fraudulent* intent," etc. Com. vs. Tuckerman, 10 Gray, 173.

In State vs. O'Kean, 35 An. 901, this court went over the whole question very carefully—a case of embezzlement by a clerk. In that case we said:

"Embezzlement is defined to be the *felonious appropriation* of the property of another, by one to whom it has been entrusted.

*         *         *         *         *         *         *

"There should in such case be shown a demand, as an essential ingredient for conviction from which a wrongful disposition or felonious appropriation could be inferred."

In Regina vs. Norman, 41 Eng. Com. Law Rep. 500, is reported a

conspicuous and important ruling on the question of felonious intent, being negatived by proof of the defendant "alleging a right or excuse for retaining the sum detained, no matter how frivolous the allegation."

"Cresswell, J. (in summing up). I think that this does not amount to embezzlement. Embezzlement necessarily involves secrecy; the concealment, for instance, by the defendant of his having appropriated the money. If, instead of denying his appropriation, a defendant immediately owns it, alleging a right or an excuse for retaining the sum detained, no matter how frivolous the allegation, and although the fact itself on which the allegation rests were a mere falsification; as if, in the present case, although it should turn out that there was no such difference as that asserted by the captain, between the tonnage as measured at Swansea and at Plymouth, or that there was no such custom as is set up. I do not say to what species of offence this may amount, but, in my opinion, not to embezzlement.

"Verdict: Not guilty."

That decision is in strict keeping with the rule announced by Wharton, that if the defendant, "instead of denying the appropriation, alleging a right in himself, no matter how unfounded, his offence in taking is no embezzlement." 1 Wharton Criminal Law, Sec. 1030 (9 Ed.).

We deem it unnecessary to cite additional authority, as all authorities tend one way, and we rest our conclusions on those already collated. Applying what we have said to the question before us, the situation is this:

Defendant's counsel requested the court to charge the jury that if they were satisfied from the evidence that the defendant believed that his client had consented that he might use the money as a loan on interest—though in fact that belief was erroneous—there was no embezzlement.

Or, in equivalent phrase, the request was: that if the defendant believed that his client had given his consent for him to use the money, he was guilty of no embezzlement, though, in fact, the client had not consented for him to use it.

The labor of this opinion has been to show, by a complete analysis of authority, that proof of a *felonious* and *wrongful* appropriation is essential to a conviction of embezzlement of this character, and we feel conscious that our labor has not been in vain.

State vs. Smith.

*Intent* being an essential ingredient of the *charge* and *proof* of embezzlement by an attorney, the defendant could not have *feloniously* appropriated his client's money while believing that he had given his consent that he might use it *prior to its appropriation.*

This is the hypothesis on which the special charge was requested, and such is the tenor of his bill of exceptions.

The necessary result of thus ruling is to decide that the judge's declination to charge as requested was erroneous. For, if the jury entertained the same appreciation of embezzlement as the judge did —that *intent* was not one of its essential elements—there was no alternative but to convict the defendant, notwithstanding his belief that he had a right to use the money.

Should we accept his ruling and maintain it as correct, our decree would, in effect, declare that there is no distinction between the embezzlement of *public money* and that of a private citizen. It would be to virtually declare that a *wrongful* and *felonious* use is unnecessary, and that a *simple appropriation* is sufficient in *any* case to authorize a conviction.

Surely this court can not by its decree abrogate distinctions the law had established.

Our conclusion is that the judge's ruling was erroneous and should be reversed.

But in thus ruling we do not mean to say that the defendant was entitled to the charge as requested, *ipsissimis verbis.* That he is so entitled, in substance and effect—leaving the judge to employ any phraseology he may deem suitable and appropriate, provided it carry out the idea therein contained.

Entertaining this view there is no occasion for us to express an opinion upon other bills of exception.

It is therefore ordered, adjudged and decreed that the verdict of the jury, and the judgment and sentence thereon pronounced be annulled and set aside; and it is further ordered and decreed that the defendant be granted a new trial, and that this cause be remanded for further proceedings according to law and the views herein expressed.

MR. JUSTICE BREAUX concurs in the decree.