The opinion of the court was delivered by
Watkins, J.
The defendant was indicted for the crime of murder, found guilty of manslaughter and sentenced to imprisonment in the penitentiary for a term of ten years, and from that verdict and sentence prosecutes this appeal, relying upon two bills of exception, one of which was taken to the ruling of the trial judge overruling his motion to quash the venire, and the other to his refusal to permit the introduction of certain testimony.
*1455 I.-
The motion to quash the indictment was grounded on the complaint that the clerk of the court had failed to publish the list of the jury, as drawn from the ensuing term of court, in conformity with the requirements of Sec. 5 of Act 99 of 1896; and further, because the jury commission by whom the venire was drawn was illegally constituted, for the reason that one of the jury commissioners who participated in the drawing of same was at the time of his participation a duly qualified and acting member of the police jury for the first ward of the parish of St. Landry, having been theretofore elected to said office at the general election held on the 21st of April, 1896; and further, because another of the said jury commissioners was at the time of his participation in the drawing of said venire an officer of the United States government, and that, on that account, neither of said persons were qualified to act in the discharge of the duties imposed upon them by law as jury commissioners, and the venire as drawn was illegal, and that its illegality necessarily draws to it the nullity of the grand jury selected therefrom, and by whom the bill of indictment against the defendant was found.
This motion was denied by the trial judge mainly upon the ground that it came too late, not having been tendered and filed on the first day of the term of court at which the grand jury was drawn and organized, but was only filed several days subsequent to the commencement of the term and the organization of the grand jury.
The contention of defendant’s counsel is, substantially, that he is exempted from the operation of the statute which requires the filing of a motion to quash a venire on the first day of the term, by reason of the fact that the grand jury did not find and report the indictment against him until after the lapse of several days subsequent to the commencement of the term, thus rendering it impracticable for him to file such motion on the first day of the term; but the contention of the State is that while that statement is literally cox’reet, yet the defendant committed the homicide for which he was subsequently indicted on the 15th of August, 1896, and was preliminarily examined upon a charge of murder on the 26th of .August, 1898, and remanded to jail without the benefit of bail, and thus remained in confinement until the court was convened in September following, when the indictment was found and he was arrested thereunder; *1456 and that he was thoroughly admonished of the necessity of examining the venire and the manner in which it was drawn and of filing by anticipation the necessary motion to quash same upon the first day of the term.
The statement of facts furnished by the trial judge conforms to the foregoing contention on the part of the State.
Undoubtedly there are exceptions to this rule, and cases have been presented in which exceptions thereto have been recognized— for instance, in State vs. Ashworth, 41 An. 683, in which we held that a motion to quash a venire must be filed on the first day of the term at which the indictment is found, or “ exceptional circumstances shown which rendered compliance therewith impracticable.” See also State vs. Vance, 31 An. 399; State vs. Sterling, 41 An. 679.
But there is nothing in the defendant’s motion to exhibit the existence of exceptional circumstances rendering compliance impracticable. There is nothing to show that defendant and his counsel were unaware of the alleged nullities in the drawing of the venire, or the want of qualification of the jury commissioners at the commencement of the term, or that they could not, in the exercise of ordinary diligence, have ascertained the existence of same, and on that account have filed his motion on the first day of the term.
There is nothing to the contrary stated in State vs. Taylor, 43 An. 1131.
In State vs. Vance, 31 An. 398, the defendant was indicted for an offence committed after the first day of the term. 'In State vs. Texada, 19 An. 436, the offence charged was committed on the first day of the term. But in State vs. Thompson, 32 An. 879, the motion to quash the venire was made before the organization of the grand jury by a defendant who was afterward indicted by them.
In a recent case the rationale of the requirement of the statute is thus given, viz.:
“The requirement of the statute, that a motion to quash a venire for supposed defects in drawing juries, shall be made upon the first day of the term, is to secure the prompt administration of justice, and with that view to prevent the holding back of motions of this character’, preventing alleged irregularities of this character easily corrected without serious delay or expense, if made at the beginning of the term. If the statute should be relaxed when the indictment *1457 is’found after the time, as was the case here, although the accused was in custody and represented by counsel, cognizant of áll the facts' on which the motion to quash the venire was based, still the motion should not have been delayed until the 30th of March, ten days after the term began, and the day had been fixed for the trial. In any view we hold it to be too late.” State vs. Leftwich, 46 An. 1195.
That was a case of murder and the defendant had appealed from a‘ sentence of death.
The reasons favoring adherence to the rule of the statute are quite as strong in this case. The court convened on September 1, the indictment was returned into court on the seventh, and the motion to quash was not filed until the fourteenth — though the cause had not been set down for trial at the time of the filing.
Manifestly, there was no occasion for this delay; and to treat the motion as having been timely filed, under the circumstances, would be an unwarrantable infraction of the rule, resulting very injuriously to the public weal. This we are unwilling to do. We therefore approve of the ruling of the trial judge.
II.
With reference to the second bill of exceptions we make the following'extract from the brief of defendant’s counsel, viz.:
“ When the State had closed its case the defendant placed oh the stand the witness, Ludger Lastrapes, and asked him the question, ‘’Do you know'Alphonse Collins?’ to which he answered, 'Yes, sir.’ He was then asked,’ ‘ Has he ever gone by any other names?’ which question was objected to by the State and sustained by the court.
.' “Alphonse Collins was the only State witness to the shooting, and in his cross-examination by the defendant in his examination-in-chief, he was asked if he did not go under several names; he answered, that if. any one called him by any other he was not aware of it.
“ Defendant proposed to prove by witness, Lastrapes, and others, that this State witness, Alphonse Collins, had worked forthemí ánd had given them other names than that of Alphonse Collins.
“ The purpose of this testimony was to contradict the testimony of Alphonse Collins; to impeach his credibility as a witness, and to show to the jury his character. ...
*1458 “ We think the lower judge erred in sustaining the objection of the State.”
The difficulty is, that the statement which defendant’s counsel proposed to prove was irrelevant to the matter at issue, and it was not competent for the defendant to attempt to contradict or impeach the truthfulness of a State’s witness by the employment of such immaterial things.
There ought to be some connection between the matter at issue and the testimony offered; and, in our conception, the truthfulness of the witness would not have been impaired or his credibility successfully assailed if the testimony objected to had gone to the jury.
This objection is not well founded.
There is no error apparent, which entitles the defendant to relief at our hands.
Judgment affirmed.