State vs. Flint et al.

---

## No. 13,271.

### THE STATE OF LOUISIANA VS. JAMES FLINT AND GEORGE CALLOWAY.

#### SYLLABUS.

1. JURY COMMISSIONERS MUST QUALIFY.—The law making power has not left it to the courts to determine that one may discharge the functions of a Jury Commissioner without having qualified by taking the oath. "The jury commissioners shall take the oath", is the legislative command.

2. THE COMMISSIONER DID NOT HOLD OVER.—Under a law repealed after his appointment, and after he qualified originally as jury commissioner, he (the commissioner) does not hold over until his successor is appointed.

3. THE WANT OF QUALIFICATION IS NOT COVERED BY STATUTE 135 OF 1898.— Though it is not shown that fraud was committed in drawing the panel of jurors for a term of court, none the less, the law, and the decisions rendered, as relates to the commission, and the necessity of its qualifying, is imperative. The commissioner must take the oath required.

There is a difference observed between the illegality of acting without having qualified and the irregularity which may arise in the drawing and summoning of the jury. As to the former, they must qualify, 30th Ann., 1028 ; 32nd Ann.. 879 ; 33rd Ann., 896 ; and as to the latter, it must appear that the accused has been prejudiced by fraud or other wrongs perpetrated while engaged in drawing or summoning them.

A PPEAL from the Sixth Judicial District Court for the Parish of Richland. *Ellis, J.*

---

*M. J. Cunningham*, Attorney General, and *L. A. Thompson*, District Attorney, for Plaintiff and Appellant.

---

*C. L. Berry* for Defendant, Appellee.

---

The opinion of the court was delivered by

BREAUX, J. Flint and Calloway were indicted for murder on August 30th, 1899.

On the sixth day of September, following, Flint through his attorney, filed a motion to quash the indictment, for the reason that one of the jury commissioners who participated in the drawing of the grand and petit juries, had not taken the oath required. This motion was sustained, and from the court's ruling, the State prosecutes this appeal.

On the trial of the motion, the evidence disclosed that Lem. Scott, one of the jury commissioners, was appointed to that office in 1896, and under that appointment he took the required oath. He was reappointed in 1898 and took part in the drawing of the jury for the August term of court, 1899. Having received no notice of his reappointment, he did not qualify under it. The judge appointed the jury commissioners in compliance with Statute 135 of 1898. Section 3 of the act required such appointment. The same section of the law, requires that before entering upon the duties, the commissioners appointed shall take the oath prescribed by the statute.

The State, through her officers, objects to the ruling of the District Court in quashing the indictment, on the ground that the motion was not timely filed.

Section 16 of the statute cited above, requires that defects be taken advantage of before going to trial. This objection falls, as the case had never been tried.

The next position of the appellant is, that the jury commissioner having been appointed under the statute of 1896, and having qualified under that appointment, he held over until his successor had qualified.

In the face of the repeal of that statute by the statute of 1898, cited *supra*, which specially requires an oath to be taken, we do not think that it was the intention of the Legislature to leave it to the courts to determine that one might continue in the discharge of the functions of a jury commissioner, though he failed to take the oath under the new law.

The statute is imperative, both as relates to the necessity of appointing jury commissioners, and the oath to be administered.

The successor could not qualify and succeed him, the old jury commissioner, under a law which had been repealed; so that he could not hold over until his successor was qualified. He had no successor. The

commissioner under the new appointment came in under another and original power created by the Legislature.

In the last place, appellant urges that the defendant (appellee here), did not, in his motion to quash the indictment, complain in the least of injury or damage, and that, unless it is shown, that some fraud has been committed, or wrong done the accused, the irregularity in drawing will not avail him, citing in support of this position, State vs.Taylor, 44 Ann. 783. In that case the court held:

"There is no evidence to show that fraud has been practiced, or " any wrong committed in the drawing or summoning of the jury, " that would work a great and irreparable injury to the defendant."

All the decisions that we have found, and there are a number bearing upon the question, hold that the informalities charged in the drawing of the jury or the summoning of the jurors, are demurrable.

But they all relate to mistakes of officers in drawing the jury, and none relate to the absolute neglect or omission of the commissioners to take the required oath. The following decision holds, in terms not to be misunderstood, that the oath must be taken by the commissioner. In State vs. Williams, 30 Ann. 1028, the defect arising because the clerk had not taken the required oath, having been timely made, the court held that it was fatal to the indictment.

This view was reaffirmed in State vs. Thompson, 32 Ann. 879; and again in State vs. Washington, 33 Ann. 896, the question was considered, and the court again affirmed the ruling. A difference has been made, as we read those decisions, between an informality in drawing and summoning a jury, and, on the other hand, the omission or neglect of the commissioner to take the required oath..

We are of the opinion that it (the jurisprudence) should remain unchanged, and for that reason, we must refuse to set aside the judgment of the district court in this case.

The judgement is affirmed.