CHARLES F. HECK vs. JOHN W. CASEY.

JULY 6, 1912.

PRESENT: Johnson, Parkhurst and Sweetland, JJ.

(1) *Mechanic's Liens. Entire Contract.*

A sub-contractor entered by parol into an entire contract with the general contractor. The work and delivery of materials was done within nine or ten days after July 25, and no further work was done until October. March 8, legal proceedings were commenced to enforce the lien.

*Held,* that this was not a compliance with Gen. Laws, 1909, cap. 257, § 5, and petition would be dismissed.

PETITION to enforce mechanic's lien. Heard on appeal of respondent and sustained.

PARKHURST, J. This is a proceeding by a subcontractor to establish a mechanic's lien for labor and materials, under the provisions of Gen. Laws, R. I. (1909), cap. 257. It appears from the petition as well as from the papers on file and from the evidence set forth in the transcript that the petitioner in July, 1910, entered into a parol contract with Michael J. Donahue, the general contractor, who was engaged in building a house for John W. Casey, on Manton Avenue, Providence, to put in the plumbing and gas-piping in said house on Manton Avenue for the sum of four hundred and twenty-five (425) dollars; this contract was a single and entire contract for plumbing and gas-piping, without any specification of items. The petitioner filed his plan in the office of the inspector of plumbing July 25, 1910, and immediately thereafter began work under the contract, delivering certain materials for gas-piping, waste pipes, soil pipes, drops and outlets for gas, etc., and doing all the work which had to be done before the house was plastered, which was to be covered up by the plaster; this delivery and work was done within nine or ten days after July 25, 1910; after

that no further work was done under the contract, as the petitioner claims, until October, 1910.

The petitioner not having received payment from the contractor for work done and materials furnished under said contract, and after giving notice to the said Casey, on March 8, 1911, filed an account or demand with a notice as to the building and land upon which he claimed a lien, in the office of the recorder of deeds of the city of Providence, the same being "for the purpose of commencing legal process for the enforcement of a lien," etc., as recited in the notice, under the provisions of Sec. 7 of cap. 257, above referred to, and thereafter on March 10, 1911, filed this petition. The respondent, Casey, thereafter on May 8, 1911, filed his motion to dismiss the petition, on the ground, among others set forth, that the court "has not acquired jurisdiction of the subject matter because the complainant has not complied with the statutory requirement," etc. The Superior Court denied the motion, and the same was renewed at the hearing of testimony and was again denied. The justice of the Superior Court, after hearing the evidence, decreed the establishment of a lien for $305 and referred the case to a master; from this decree the respondent has appealed to this court, and the first reason of appeal is based upon the same ground as that in the motion to dismiss above referred to.

We are of the opinion that the justice of the Superior Court erred in denying the motion to dismiss the petition on the ground above set forth. It is not disputed that the contract was an entire contract for the work and materials in plumbing and gas-piping; it is so stated in all the papers and notices attached to the petition and filed in the office of the recorder of deeds; it is so proved in the evidence; and there is no dispute that the commencement of the work and of the delivery of materials, under this entire contract was in July, 1910; the commencement of legal proceedings for the establishment of the lien as provided in cap. 257, Sec. 7, was on the (1) 8th day of March, 1911, more than seven months after the commencement of the work and of the delivery of materials.

This is not in accord with the provisions of Gen. Laws, R. I. (1909), cap. 257, § 5, which reads as follows: "Sec. 5. No person who shall do work for or furnish materials to be used in the construction, erection, or reparation of any building, canal, turnpike, railroad, or other improvement, without written contract, shall have any advantage of any lien therefor created by this chapter, unless he shall commence legal process for enforcing the same, in manner hereinafter provided, within six months from the time of the commencing the doing of such work or of the commencing the delivery of materials, if payment for the same shall not then be made."

.   .   .

The case is governed by the decision of this court in *McParlin* v. *Thompson*, 32 R. I. 291.

The appeal is sustained, the decree of the Superior Court is reversed, and the cause is remanded to the Superior Court, with direction to enter its decree dismissing the petition with costs.

*William A. Morgan*, for petitioner.
*Gardner, Pirce & Thornley*, for respondent.
*Charles R. Haslam*, of counsel.