(111 So. 330)

No. 28333.

## STATE v. STRINGER.

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Embezzlement** ⬤⟿48(4)—**Refusal of charge that state must prove demand, or that defendant actually converted money, held error.**

Where there was no proof that defendant actually misappropriated money collected for employer, or was ever put in default by demand on him before arrest, refusal of charge that to convict of embezzlement state must prove demand on him for money, or that he actually converted it, *held* error.

2. **Embezzlement** ⬤⟿48(4)—**Refusal of charge that unexplained failure to pay over money collected did not create presumption of felonious appropriation held error.**

Where proof showed no actual misappropriation of employer's money so that defendant was ever put in default for money collected, refusal of charge that failure to pay money to employer did not create presumption of felonious appropriation *held* error.

3. **Embezzlement** ⬤⟿48(4)—**Refusal to charge that failure to account by fiduciary without proof of demand would not sustain conviction held error.**

Where employee was charged with collecting $25 for his employer and appropriating it, refusal of charge that mere failure to account for money without proof of demand therefor would not sustain conviction, unless it was proved he actually misappropriated or converted it, *held* error.

4. **Embezzlement** ⬤⟿26—**Accusation that defendant, in selling ice, collected money for employer, and appropriated it, held sufficient (Const. 1921, art. I, § 10).**

Charge that, in his employment of selling ice, defendant had collected $25 for his employer, and appropriated it to his own use, *held* sufficient within Const. 1921, art. 1, § 10, to inform him of nature of accusation.

Brunot, J., dissenting.

Appeal from Third Judicial District Court, Parish of Jackson; S. D. Pearce, Judge.

Napoleon Stringer was convicted of embezzlement, and he appeals. Verdict and sentence annulled, and case remanded for new trial.

Barksdale, Warren & McBride, of Ruston, and Theus, Grisham & Davis, of Monroe, for appellant.

Percy Saint, Atty. Gen., and William J. Hammon, Dist. Atty., of Jonesboro, and Percy T. Ogden and E. R. Schowalter, Asst. Attys. Gen., for the State.

O'NIELL, C. J. The appellant was convicted of the crime of embezzlement. The charge, specifically, was that, in his employment selling ice, he had collected $25 for his employer and appropriated it to his own use.

[1-3] Among the bills of exception is one that was reserved to the judge's refusal to give any of the following special charges requested by defendant's attorneys, viz.:

(1) That, in order to convict the defendant of embezzlement, the state had to prove that a demand was made on him for the money alleged to have been embezzled, or that he actually converted it to his own use.

(2) That a failure of the defendant to pay over the money, if unexplained, would not of itself create a presumption of felonious appropriation sufficient to convict.

(3) That a mere failure to account for money received for an employer, by an employee in his fiduciary capacity, without proof of a demand for an accounting, would not sustain a conviction of the crime of embezzlement, unless it was proven that the defendant actually misappropriated the money or converted it to his own use.

In the statement per curiam, the judge says that his reason for refusing to give any of these special charges was that they were not appropriate to the facts of the case; the facts stated by the judge being that the defendant collected and pocketed the money on the 4th of July, 1926, and left the parish that night with the money and returned several weeks later, but did not offer to account for the money, or speak to his employer about

it, or show himself in the community, until a short time before he was arrested and imprisoned. That is as far as the judge's statement goes, and it warrants the inference that there was no proof that the defendant actually misappropriated the money or converted it to his own use, or that he was ever put in default by a demand upon him before being arrested. The record discloses that the bill of information was filed on the 19th of July, 1926, and that the warrant was issued and the arrest made on that day, which, we assume from the judge's statement, was as soon as the defendant returned to Jonesboro, the parish seat and place of his residence and employment. His absence, therefore, was not longer than 15 days. · It is said in his brief —and is not disputed—that his defense was that he had tried to find his employer to pay over the money on the night of his departure from Jonesboro, but could not find him, and that he had the money yet when he returned to Jonesboro. It is also said in his brief—and is not disputed—that he only went to Monroe, La., which is only 52 miles from Jonesboro.

Our opinion is that, under the judge's statement, the defendant was entitled to have the jury instructed as requested, substantially, if not literally. The second one of the charges requested is exactly like that which was requested, and for the refusal of which the verdict and sentence were annulled in State v. O'Kean, 35 La. Ann. 901. The ruling made in that case is very à pro-pos, viz:

"The third ground of complaint is, that the judge refused to charge the jury that 'the failure of the accused to pay over the money, if unexplained, does not of itself raise a presumption of a felonious appropriation sufficient to convict.'

"The judge refused the charge, on the ground that it had no bearing on the case, and that the failure of the accused to pay had already been unmistakably explained.

. "Deprived of the knowledge which the judge had of the facts, we· cannot say what was the explanation given. While we attach due weight to his views, we find that they are reticent on that particular subject, and incline to believe that the charge requested was proper and legitimate. It would not, as apprehended, have confused the mind of the jury. Its object was, on the contrary, in a case of embezzlement like this, to enlighten the jury by furnishing them with information and knowledge touching the elements and ingredients necessary to constitute the offense. charged and the quantum of evidence required·by law in such a case. The failure of the accused to pay may, as stated. have been unmistakably explained, but the explanation, whatever it was, incriminating or exculpatory, was a circumstance of great significance, which was to be found and considered by the jury. * * *

"The law discriminates between the embezzlement of public and private property by public officers and private individuals, and legislates by different statutes for the two sorts of embezzlement. * * *

"Although it does not say so explicitly, in the case of embezzlement of private property, it would seem that the mere failure to pay should not be sufficient to convict. There should in such a case be shown a demand, as an essential ingredient. for conviction, from which a wrongful disposition or felonious appropriation could be inferred. The failure to pay without proof of such demand, that is, of itself, would not therefore be sufficient to convict. R. S. § 905."

The ruling in State v. O'Kean was cited with approval in State v. Flournoy, 46 La. Ann. 1518, 16 So. 454, in State· v. Smith, 47 La. Ann. 432, 16 So. 938, and in State v. Pellerin, 118 La. 558, 43 So. 163. In the latter case it was said that it was only where there was proof of an actual misappropriation by the servant, and wrongful appropriation to his own use and benefit, that there was no necessity for proof of a demand; and in State v. Smith it was said: ·

"Indeed, we cannot perceive in what manner a wrongful and felonious appropriation could be, made out without proof, or strong and conclusive inference of intent on the part of the trustee, agent or attorney.

"To thus hold would, in our opinion, be to negative the words of the statute, and relieve the state from establishing by proof the gravamen of the charge of the indictment. It would be to alter the evident·intention and purpose of the Legislature in making a distinction between the embezzlement of public money and the money of a private. individual, by declaring proof

of a simple appropriation, enough to justify a conviction."

Inasmuch as the embezzlement of private funds, by an agent or employee or fiduciary who did not hold the funds in an official capacity, is not accomplished unless there has been an actual and wrongful conversion or a demand made, and a default thereon, the defendant in this case was entitled to have the jury instructed accordingly. The verdict and sentence, therefore, must be annulled, and the case remanded for a new trial.

[4] Our conclusion in that respect makes it unnecessary to consider the other bills of exception, except the one that was reserved to the overruling of a motion in arrest of judgment. It was contended in the motion that the bill of information was worded so vaguely that it did not charge the commission of any crime. Although the arrangement of the words is somewhat disconnected —as it is usually in indictments and bills of information—it is plain enough in this instance to comply with the requirement in the tenth section of article 1 of the Constitution that "the accused shall be informed of the nature and cause of the accusation against him."

The verdict and sentence are annulled, and the case is ordered remanded to the district court for a new trial.

BRUNOT, J., dissents.