HENRY C. CRIPPEN, et al., v. JULIA A. CHAPPEL, et al.

1. STRANGER *Paying Debt; Subrogation.* Where a stranger, a mere volunteer, a mere intermeddler, pays the debt of another, he cannot be subrogated to the rights of the creditor.

2. ——— *Request to Pay; Mortgage; Subrogation.* But where a person pays a debt, which is secured by a mortgage, at the instance and request of the debtor, with the agreement that the person paying the debt shall have a mortgage lien upon the real estate then mortgaged to secure such debt, and a new mortgage is given but is void, the party furnishing the money may be subrogated to the rights of the original creditor.

3. ADMINISTRATOR; *Mortgage; Subrogation.* And this rule applies where an administrator borrows money to pay a debt of his intestate's estate. In other words, where a debt is due against the estate of a deceased person, and such debt is secured by a mortgage on the real estate of such deceased person, and the administrator whose duty it is to pay such debt borrows the money therefor from a third person, with the agreement and understanding between them that such third person shall be reimbursed from the assets of the estate, and such third person shall be secured by a mortgage lien upon the previously-mortgaged property of such estate, and for that purpose a mortgage on the previously-mortgaged property is executed by the administrator to such third person, which mortgage is void because of a want of power in the administrator to execute the same, but in pursuance of such mortgage and with the agreement and understanding between the administrator and the loaner of the money, the money is loaned and is paid to the original mortgagee, *held,* that such third person may then be subrogated to the rights of the original mortgagee.

*Error from Washington District Court.*

ACTION brought by *Chappel* against *Crippen, Lawrence & Co.,* and others, for the partition of certain real estate. To the answer of defendants, Crippen, Lawrence & Co., the plaintiff demurred on the ground that it does not state facts sufficient to constitute any defense to her petition. The demurrer was sustained at the November Term, 1884. This ruling said defendants bring here for review. The opinion states the facts.

*Garver & Bond,* for plaintiffs in error.

*Omar Powell,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for the partition of real estate, brought in the district court of Washington county, by Julia A. Chappel against Henry C. Crippen and H. Francis Crippen, partners as Crippen, Lawrence & Co., and others. The petition alleged, among other things, that the plaintiff and the defendants other than Crippen, Lawrence & Co. were joint owners of the property in question, and that Crippen, Lawrence & Co. claimed to have some interest in the premises; and the plaintiff prayed for partition between herself and the defendants other than Crippen, Lawrence & Co., and prayed that the claim of Crippen, Lawrence & Co. be adjudged to be null and void. For answer to this petition, Crippen, Lawrence & Co. set forth, among other things, that the land in question had previously belonged to Philemon Chappel; that on January 11, 1883, he died, leaving as his heirs Julia A. Chappel, his widow, and the co-defendants of Crippen, Lawrence & Co.; that at that time the property in question was incumbered by a mortgage lien to secure the payment of a debt of $500 and interest, due July 1, 1883, to Joseph P. Drewett, for which debt the intestate was personally liable. On March 16, 1883, I. H. Chase was duly appointed administrator of Chappel's estate, and on July 2, 1883, he obtained an order from the probate court authorizing and directing him as such administrator to re-mortgage the property for the purpose of raising money to pay the aforesaid debt and to discharge the aforesaid mortgage. Pursuant to such order the administrator applied to Crippen, Lawrence & Co. for and obtained from them a loan of $500 for the purpose of paying off and discharging said debt and mortgage to Drewett, and for this loan the administrator gave his note and mortgage on the property in question, both of which were executed by him as administrator. On the faith of this last-mentioned note and mortgage, and of having as security for the said loan a first lien upon the land in question, Crippen, Lawrence & Co. advanced said sum of $500 by paying the

same to Drewett in satisfaction of his claim and mortgage lien., Upon the foregoing facts, the defendants Crippen, Lawrence & Co. prayed that they be adjudged to have a valid lien on the property in question for said sum of $500 and interest, by virtue of the mortgage executed to them by the administrator; or, if that could not be done, then that they be subrogated to the lien of the Drewett mortgage. To this answer the plaintiff interposed a demurrer, on the ground that the answer did not state facts sufficient to constitute any defense to her petition, which demurrer was sustained by the court. The defendants Crippen, Lawrence & Co. excepted,.and to reverse the ruling of the district court in sustaining such demurrer they bring the case to this court, making the plaintiff below and all the defendants below aside from themselves defendants in error.

It seems to be admitted that the mortgage executed by the administrator to Crippen, Lawrence & Co. is void, and void, not because of any irregularity in its execution, but void because administrators in this state have no power or authority under the law to execute mortgages; and there is no claim in this case that the deceased had executed any will giving the administrator any such authority. It would therefore seem to be admitted that the mistake of the administrator and of Crippen, Lawrence & Co. in executing and receiving the aforesaid mortgage was a mistake of law and not one of fact. It also seems to be admitted by the parties that the only question presented to this court for consideration is whether the defendants Crippen, Lawrence & Co. can be subrogated to the rights of Drewett under his mortgage.

We shall assume that the mortgage executed by the administrator to Crippen, Lawrence & Co. is absolutely void, because of a want of power in the administrator to execute the same, (*Black v. Dressell's Heirs*, 20` Kas. 153,) and that it is worthless for all purposes except merely for the purpose of showing the understandings and the intentions of the administrator and Crippen, Lawrence & Co. when the money was loaned, and when the Drewett debt and mortgage were

paid and satisfied. Nor is there any express authority given by the statutes of Kansas to administrators to borrow money on account of their estates. It is the duty, however, of administrators to pay all debts against their estates, whether such debts are secured by mortgages or other securities, or not secured at all; and for this purpose the administrator may first sell all the personal property of the estate not exempt, if necessary, and may then sell all the real estate of the estate, not exempt, if necessary. In other words, all the estate of a deceased person, real and personal, except certain exemptions which have nothing to do with this case, is pledged by law for the payment of the decedent's debts, and the administrator may use the decedent's estate for that purpose. The question, then, to be considered in this case is whether, when a debt is due against the estate of a deceased person, and such debt is secured by a mortgage on the real estate of such deceased person, and the administrator whose duty it is to pay such debt borrows the money therefor from a third person with the agreement and understanding betweem them that such third person shall be reimbursed from the assets of the estate, and that such third person shall be secured by a mortgage lien upon the previously-mortgaged property of such estate, and for that purpose a mortgage on the previously-mortgaged property is executed by the administrator to such third person, which mortgage is void because of a want of power in the administrator to execute the same, but in pursuance of such mortgage and of the agreement and understanding between the administrator and the loaner of the money, the money is loaned and is paid to the original mortgagee, may such third person be then subrogated to the rights of the original mortgagee, and thereby obtain substantially what he was to obtain by virtue of the agreement and understanding between himself and the administrator, and which in justice and equity he ought to obtain? Under such circumstances, it can hardly be claimed that such third person is a stranger to the transaction as between the debtor and the creditor, a mere volunteer, a mere intermeddler, for the money was ad-

vanced and the prior mortgage paid at the instance and re-
quest of the very person who was liable to pay the same, and
whose duty it was to pay the same; and yet it is claimed by
the plaintiff below and by all the defendants in error, that
Crippen, Lawrence & Co. were in fact, and in law, and in
equity, mere strangers, mere volunteers, mere intermeddlers.
It will be admitted that if Crippen, Lawrence & Co. were
mere strangers, mere volunteers, mere intermed-
dlers, without any contract or understanding be-
tween themselves and the party whose duty it
was to pay the debt, or between themselves and the origi-
nal mortgagee, they could not now rightfully claim any
such thing as subrogation or equitable assignment. It
always requires something more than the mere payment
of the debt in order to entitle the person paying the same
to be substituted in the place of the original creditor. It re-
quires an assignment, legal or equitable, from the original
creditor, or an agreement or understanding on the part of the
party liable to pay the debt, that the person furnishing the
money to pay the same shall in effect become the creditor, or
the person furnishing the money must furnish the same either
because he is liable as surety or liable in some other secondary
character, or for the purpose of saving or protecting some right
or interest, or supposed right or interest, of his own. But the
right of subrogation or of equitable assignment is not founded
upon contract alone, nor upon the absence of contract, but is
founded upon the facts and circumstances of the particular
case and upon principles of natural justice; and generally,
where it is equitable that a person furnishing money to pay a
debt should be substituted for the creditor or in
the place of the creditor, such person will be so
substituted. Now, while we have not been referred to nor
have we found any case precisely analogous to this case, yet
we think that under the general doctrine of subrogation or of
equitable assignment, this case comes within such doctrine.
See the following authorities: Sheldon on Subrogation, § 8,
and cases there cited; 1 Jones on Mortgages, § 874, *et seq.*, and

1. Debt paid by
stranger;
subrogation.

2. Subrogation;
rule.

cases there cited; Boone on Mortgages, §§ 135, 136; Freeman on Void Judicial Sales, §§ 50, 51, and cases there cited; 3 Pomeroy on Eq. Jur., § 1212, and cases there cited; *Ayres v. Probasco*, 14 Kas. 177, 198; *Johnson v. Moore*, 33 id. 90; *Everston v. Central Bank*, 33 id. 352, *et seq.*, and cases there cited; *Levy v. Martin*, 48 Wis. 198; *Morgan v. Hammett*, 23 id. 30; *Blodgett v. Hitt*, 29 id. 170; *Homeo. Mut. Ins. Co. v. Marshall*, 32 N. J. Eq. 104; *Tradesmen's Building &c. Ass'n v. Thompson*, 32 id. 133; *Tyrell v. Ward*, 102 Ill. 29; *Scott v. Dunn*, 30 Am. Dec. 174, and note, 177, *et seq.*, and cases there cited; *Gilbert v. Gilbert*, 39 Iowa, 657; *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152; *Hines v. Potts*, 56 Miss. 347; *Caldwell v. Palmer*, 6 Lea, 652; *Carter v. Taylor*, 3 Head, 30; *Mosier's Appeal*, 56 Pa. St. 76; *Capehart v. Hoon*, 5 Jones's Eq. 178; *Lockwood v. Marsh*, 3 Nev. 138.

It is true there was no contract between Crippen, Lawrence & Co., and either the administrator or the holder of the original mortgage that the original mortgage debt should itself be transferred or assigned to Crippen, Lawrence & Co.; but as we have before stated, the doctrine of subrogation or equitable assignment is not founded upon contract alone, but is founded upon facts and circumstances and upon the principles of natural justice. The mortgage debt in this case is one that could lawfully and properly be assigned, and it would be as much the duty of the administrator to pay the assignee after the assignment as it was to pay the original holder of the debt before the assignment; and in all such cases the debt is the principal thing and the mortgage and mortgage lien are only incidents thereto. When the debt is assigned, the mortgage and the mortgage lien are also assigned; and as the administrator was bound in law and in equity to pay the debt, whether it was assigned or not, he had the same right to agree that the same should be assigned, or that some other person by assignment should become the holder of the same as any other debtor has under like circumstances. For instance, he could have properly consented that Crippen, Lawrence & Co. should become the holders of the debt due from the estate to Drewett; and

when they became the holders of the debt, they would also become the holders of the mortgage and the mortgage lien, for these things follow the debt as incidents thereto. Therefore, while there was no direct agreement between the administrator and Crippen, Lawrence & Co. that the latter should become the holders of the original mortgage debt, yet we think that under the agreements that were in fact made, and under the other facts and circumstances of the case, the principles of equity will step in and assign the debt to Crippen, Lawrence & Co.; and with the debt, the mortgage, and the mortgage lien, as incidents thereto will go. If these views are correct, and we think they are, then Crippen, Lawrence & Co. have a right to recover in this action under the doctrine of subrogation, or what may perhaps more properly be termed equitable assignment.

3. Administrator;
mortgage;
subrogation.

The defendants in error cite the following authorities: 4 Wait's Actions and Defenses, ch. 97, 98; Bishop on Contracts, § 155; 2 Pomeroy's Eq. Jur., §§ 841, 851; Schouler's Executors and Administrators, § 214; Boone on the Law of Mortgages, § 140; *Sanford v. McLean,* 3 Paige's Ch. 117; same case, 23 Am. Dec. 773; *Clark v. Moore,* 76 Va. 262; *Shinn v. Budd,* 14 N. J. Ch. 234; *Coe v. N. J. Midl. Rly. Co.,* 31 N. J. Eq. 105; *Wormer v. Waterloo Agri'l Works,* 62 Iowa, 699; *Salmond v. Price,* 13 Ohio, 400; *Watson v. Wilcox,* 39 Wis. 643.

Some of the foregoing authorities may announce doctrines at variance with the views which we have expressed, and yet we do not think that any case like the one we have now under consideration has ever been decided differently from the decision which we now make. Besides, this decision does eminent justice in the case, and any other decision would permit parties to perpetrate gross injustice.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.