EMMA H. GRAY v. AUGUST ZELLMER, JOHN KOCH, *et al.*

No. 12,797. (72 Pac. 228.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Possession as Notice.* It is a general rule that open and notorious possession of real estate is constructive notice to all the world of the rights of the one in possession.

2. EQUITABLE ESTOPPEL—*One who has Knowledge.* The doctrine of equitable estoppel does not operate in favor of one who has knowledge of another's rights, or who has convenient and available means of obtaining such knowledge.

3. MORTGAGE—*Subrogation—Fraud of Agent.* Subrogation to

the rights of a prior mortgagee cannot be claimed, where his mortgage has been paid without the knowledge or consent of the mortgagor out of the proceeds of a subsequent invalid mortgage executed by an agent without authority.

Error from Norton district court; A. C. T. GEIGER, judge.  Opinion filed April 11, 1903.  Affirmed.

### STATEMENT.

THE defendant in error Koch purchased a quarter-section of land, agreeing to pay $560 therefor.  Of this he paid $60 cash and the owner mortgaged the land for $500 and thus obtained the balance.  With Koch's consent the land was then conveyed to Zellmer, who was to hold the legal title until Koch should pay off this mortgage.  This, it seems, was done with the thought that the seller would thereby be the better protected against the note for $500 which he had executed.  Koch took possession under this sale and has held open and notorious possession under claim of ownership ever since.

Koch paid to Zellmer, as his agent, the interest upon the mortgage as it accrued and the principal in full, but Zellmer failed to transmit all of this money to the mortgagee.  Finally, when the mortgage fell due, in order to obtain the money to discharge it Zellmer executed a mortgage upon the land to one Ambler to secure a note of $300, which money was used in discharging the balance of the $500 mortgage, Zellmer having theretofore paid $200 out of the money given him by Koch.  Ambler trusted to the title as shown by the records and made no inquiry of Koch, who was in possession of the land, as to his rights. The Ambler mortgage was assigned to the plaintiff in error, and this action was one to foreclose it.  She had personal judgment against Zellmer, but foreclosure was refused as against Koch.

*L. H. Wilder,* for plaintiff in error.

*C. D. Jones,* for defendant in error John Koch.

The opinion of the court was delivered by

CUNNINGHAM, J.: Koch's possession of this land, being open and notorious, was notice to all the world of his rights therein and claim thereto. One seeking to be informed as to the title of real estate cannot safely limit his investigations to what is shown in the records of the county in which the land is situated. He must also inquire about, and take notice of, the rights of those who are in open and notorious possession of such real estate. It is a general rule that such possession is constructive notice to all the world of the rights of the one in possession. (*Moore v. Reaves,* 15 Kan. 150; *Greer v. Higgins,* 20 id. 420; *Deetjen v. Richter,* 33 id. 410, 6 Pac. 595; 23 A. & E. Encycl. of L., 2d ed., 498.) Therefore, both Ambler, when he took the mortgage, and Gray, when she took the assignment, knew, as a matter of law, that Koch, and not Zellmer, was the owner of the land.

It is contended, however, that inasmuch as Koch consented that the title should be put in Zellmer he is now estopped, as against one who has acted to his disadvantage upon the theory that Zellmer was the true owner, from asserting otherwise. The doctrine of equitable estoppel does not warrant this conclusion. It must be borne in mind that, while Koch was consenting that Zellmer should hold the title, he was at the same time asserting to all the world, by means of his possession, that he was the real owner of the property. The doctrine of equitable estoppel does not operate in favor of one who has knowledge of another's rights, or who has convenient and available means of

obtaining such knowledge. One may not disregard the ordinary indices of danger and be protected by this doctrine. So it is held that actual occupancy of land gives thereby all the information necessary to prevent the operation of an estoppel as against the occupant. (*Mills v. Graves*, 38 Ill. 455, 87 Am. Dec. 314; *Scates v. King*, 110 id. 456; *Howland et al. v. Woodruff et al.*, 60 N. Y. 73.)

Nor does the principle apply that, where one of two equally innocent parties must suffer, he who has put it within the power of the wrong-doer to defraud must be the one to suffer, for here Koch by his possession was proclaiming to all the world his rights, and this notice was as puissant, at least, as was the record. Little comfort is found for plaintiff in error in the case of *Lawrence v. Investment Co.*, 51 Kan. 222, 32 Pac. 816. There the fact of possession of the real estate involved, as giving notice of the owner's rights, was not shown or relied on.

It is further contended by the plaintiff in error that, as the money derived from the note and mortgage in suit was used to discharge the former mortgage on Koch's land, for which he was liable, she is entitled to be subrogated to the rights of the mortgagee holding that mortgage. We are of the opinion that this is not a correct application of the doctrine of subrogation. It must be borne in mind that Koch had nothing whatever to do with the procurement of the money from Ambler, or the discharge of the original mortgage by the use of this money. He was entirely ignorant of the transaction, and, if the plaintiff is now to be subrogated to the rights of the original mortgagee, it will result in making Koch her debtor without his knowledge, consent, or procurement, but solely by the fraud of Zellmer. Subrogation can-

not be based upon such facts. While it is true that subrogation does not arise out of contract but is founded upon equitable considerations, it is also true that it is never enforced at the expense of a legal right; nor can it be invoked for the benefit of strangers or intermeddlers, without the knowledge or consent of the one sought to be charged. In *Crippen v. Chappel*, 35 Kan. 495, 499, 11 Pac. 453, 57 Am. Rep. 187, the court said :

"It always requires something more than the mere payment of the debt in order to entitle the person paying the same to be substituted in the place of the original creditor. It requires an assignment, legal or equitable, from the original creditor, or an agreement or understanding on the part of the party liable to pay the debt, that the person furnishing the money to pay the same shall in effect become the creditor, or the person furnishing the money must furnish the same either because he is liable as surety or liable in some other secondary character, or for the purpose of saving or protecting some right or interest, or supposed right or interest, of his own."

In the case of *Campbell v. Foster Home Assn., Appellant*, 163 Pa. St. 609, 30 Atl. 222, 26 L. R. A. 117, 43 Am. St. Rep. 818, the principle was laid down that subrogation to a prior mortgage cannot be claimed on account of a payment thereof, without the mortgagor's knowledge or consent, out of the proceeds of a subsequent invalid mortgage executed by the agent of the mortgagor without authority. See, also, *Crumlish's Adm'r v. Cent. Imp. Co.*, 38 W. Va. 390, 23 L. R. A. 120, 18 S. E. 456, 45 Am. St. Rep. 872.

The authorities cited by plaintiff in error nowise militate against the plain doctrine of the books here cited.

The judgment of the court below must be affirmed.

All the Justices concurring.