No. 44,314

PAUL J. CRISS, *Appellee*, v. FOLGER DRILLING COMPANY, INC. and MID-CONTINENT CASUALTY COMPANY, *Appellants*.

(407 P. 2d 497)

Opinion filed November 6, 1965.

*Warren H. Kopke*, of Great Bend, argued the cause, and *Larry L. Kopke*, also of Great Bend, was with him on the brief for the appellants.

*William H. Pringle*, of Great Bend, argued the cause, and *Melvin O. Nuss, Vernon L. Nuss, Leonard A. Birzer* and *M. John Carpenter*, all of Great Bend, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a lump sum judgment entered by the district court of Barton County, Kansas, in an action brought pursuant to the provisions of K. S. A. 44-512a by the claimant in a workmen's compensation case against the respondent and its insurance carrier.

The controlling question is whether sums due and owing the claimant under an award in a workmen's compensation case were either refused or not paid within twenty days from the date of service of demand pursuant to 44-512a, *supra*.

The question presented is one of first impression in this jurisdiction, and though relatively simple to state, will require a full disclosure of the facts giving rise to this action to avoid confusion.

Paul J. Criss (plaintiff-appellee) was the claimant in a workmen's compensation case and brought this action for a lump sum judgment against Folger Drilling Company, Inc. and Mid-Continent Casualty Company (defendants-appellants), the respondent and its insurance carrier in the workmen's compensation action. To avoid confusion

the parties will be referred to as the claimant, respondent and insurance carrier, respectively, as they appeared in the workmen's compensation case.

The facts upon which this controversy is to be determined are not in dispute. They are well within the issues framed by the pleadings and may be stated as follows:

On the 16th day of October, 1961, the claimant was injured while working for the respondent. The respondent was covered by the workmen's compensation act and its insurance carrier was the Mid-Continent Casualty Company.

On the 11th day of September, 1963, an award was entered in favor of the claimant by the examiner. In substance the claimant was awarded 27.86 weeks of compensation at the rate of $38 per week for a total of $1,058.68, and 387.14 weeks of compensation at the rate of $31.50 per week in the sum of $12,194.91. In addition thereto the respondent was ordered to pay certain medical expenses of the claimant for services rendered to him by Dr. Marsh and Dr. Zweifel, and also up to $100 for examination of claimant by Dr. Roy B. Coffey (the claimant's examining physician) of Salina, Kansas.

On the 24th day of September, 1963, the respondent appealed to the district court, and on the 11th day of November, 1963, the appeal was heard. Subsequently, on the 8th day of January, 1964, the district court affirmed the award made by the examiner.

Thereafter, on the 13th day of January, 1964, the claimant through counsel served a written demand for payment of all compensation due under the award pursuant to the provisions of 44-512a, *supra.*

It is conceded by the claimant that the respondent and its insurance carrier made payment of all items covered by the award within twenty days after receipt of the demand, with the exception of the medical bill of Dr. Roy B. Coffey in the sum of $50. This controversy centers around the payment of the medical bill of Dr. Roy B. Coffey.

On September 4, 1964, the claimant filed his 44-512a action asking that the entire balance due under the award be reduced to judgment against the respondent and its insurance carrier. Both parties after taking depositions filed motions for summary judgment.

The district court of Barton County granted the claimant's motion for summary judgment, and it is from this order that appeal has been duly perfected to this court.

The depositions of Dr. Coffey and his nurse-secretary established that Dr. Coffey examined the claimant on the 29th day of August,

1962. His report of examination, dated September 12, 1962, together with a statement concerning his charges for the examination in the sum of $50, was rendered to Mr. Nuss, counsel for the claimant. At no time did Dr. Coffey render a statement in this matter to the respondent's insurance carrier, the respondent, or to counsel for the respondent. Dr. Coffey testified that on the 19th day of September, 1962, he received payment from Mr. Nuss, claimant's counsel, in the sum of $50 for his examination of the claimant.

It was established by the foregoing depositions and the affidavit of counsel for the respondent, which is uncontroverted, that a specific demand was never made by the claimant or his attorneys upon either the respondent, its insurance carrier, or their attorneys for the payment of an examination fee by Dr. Coffey in the amount of $50; that no statement therefor was ever directed to a representative of the insurance company, or furnished to the attorneys of record, or attached to any transcripts furnished to the attorneys of record, or the respondent and its insurance carrier, and that no such statement was ever furnished to a representative of the insurance carrier, or directly to the insurance company, either by Dr. Coffey or the claimant or his attorneys.

It was not until the 25th day of August, 1964, that counsel for the claimant stated to counsel for the respondent that a statement of Dr. Coffey had been rendered, and remained unpaid. Immediately thereafter the insurance carrier through respondent's counsel submitted a draft in the amount of $50 to Dr. Coffey; that upon receipt of this draft in the amount of $50 Dr. Coffey attempted to deposit the same; that prior to depositing it, but after having fixed a proper endorsement thereon, and after having reimbursed counsel for the claimant the sum of $50, instructions were received by Dr. Coffey from counsel for the claimant indicating that the amount of $50 evidenced by the draft should not be deposited, and that said check should be returned to the insurance carrier. A check for reimbursement directed to counsel for the claimant by Dr. Coffey was not accepted, but returned to Dr. Coffey. On the 9th day of September, 1964, a check in the amount of $50 drawn upon counsel for the respondent was directed to counsel for the claimant, but the same was returned to him.

In summary it may be stated that counsel for the claimant paid the sum of $50, due Dr. Coffey for examining the claimant, one week after Dr. Coffey examined the claimant, and long prior to the entry of an award in the compensation case by the examiner.

The question heretofore stated is thus presented.

It has been held that failure to pay any part of the compensation awarded when due and payable, including medical expenses, within the time prescribed by 44-512a after demand, makes the entire compensation immediately due and payable. (*Owen v. Ready Made Buildings, Inc.,* 181 Kan. 659, 313 P. 2d 267.)

In the *Owen* case only part of the medical expenses awarded were not paid within twenty days from service of the written demand by registered mail, and there was evidence concerning uncertainty of the exact balance due because the respondent and insurance carrier had paid $86 by check on a medical bill of $396 which they were ordered to pay, but the $86 check had not been presented for payment. The court, nevertheless, held that failure to pay the unpaid balance of the medical bill within the prescribed period from the demand must be regarded as constituting a refusal to pay such amount within the period of time required by the statute.

It has also been held that 44-512a, *supra,* places the burden upon the respondent and its insurance carrier to determine what is due and payable where an award has been made ordering them to make payments. In *Miller v. Massman Construction Co.,* 171 Kan. 713, 237 P. 2d 373, the court held it was the respondent, not the claimant, who was responsible for the passage of time in which it might have paid the accrued compensation and avoided the statute under which the entire award became due. The court further stated it was the respondent and its insurance carrier that had the burden of avoiding the effects following the 44-512a demand, and that neither the claimant nor his counsel was under any obligation to advise the respondent of the exact amount due.

The foregoing decisions are indicative of the law as applied to the factual situations there confronting the court. In each of these cases the distinguishing characteristic is the fact that the respondent knew the actual amount of compensation awarded, and that sums were due and payable under the award within the prescribed period from the demand.

In the instant case the record establishes that Dr. Coffey has in fact been paid for his services in examining the claimant. The sum of $50 was paid by counsel for the claimant. Had the respondent made inquiry of Dr. Coffey concerning the charge for his services, he would have answered, as he did in his deposition, that he had been paid. And since the claimant did not pay for the services of Dr. Coffey, the claimant cannot urge that compensation awarded

him for the services of his examining physician was due and payable when the 44-512a demand was served upon the respondent.

Obviously, if the claimant is to prevail in the instant action, he must do so on the ground that his counsel is subrogated to the claimant's right to receive compensation in the amount of $50 for Dr. Coffey's services, or that his counsel is subrogated to the right of Dr. Coffey to receive payment under the award in the amount of $50.

An answer to the question posed requires an analysis of the doctrine of subrogation.

Subrogation is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. Subrogation or equitable assignment is based on principles of natural justice and essential fairness without regard to form—its object being the prevention of injustice. (*Waddle v. Bird*, 126 Kan. 255, 267 Pac. 974.)

In *Crippen v. Chappel*, 35 Kan. 495, 11 Pac. 453, it was held that where a stranger, a mere volunteer, a mere intermeddler, pays the debt of another, he cannot be subrogated to the rights of the creditor. In the opinion the court, speaking of the doctrine of subrogation, said:

". . . It always requires something more than the mere payment of the debt in order to entitle the person paying the same to be substituted in the place of the original creditor. *It requires an assignment, legal or equitable, from the original creditor, or an agreement or understanding on the part of the party liable to pay the debt, that the person furnishing the money to pay the same shall in effect become the creditor, or the person furnishing the money must furnish the same either because he is liable as surety or liable in some other secondary character, or for the purpose of saving or protecting some right or interest, or supposed right or interest, of his own. . . ."* (p. 499.) (Emphasis added.)

For other cases treating the subject of subrogation in this jurisdiction see, *Gray v. Zellmer*, 66 Kan. 514, 72 Pac. 228; *Lynds v. Van Valkenburgh*, 77 Kan. 24, 93 Pac. 615; *Finnegan v. Ihinger*, 150 Kan. 357, 92 P. 2d 538; *Katschor v. Ley*, 153 Kan. 569, 113 P. 2d 127; and *Tillotson v. Goodman*, 154 Kan. 31, 114 P. 2d 845.

In 50 Am. Jur., Subrogation, § 133, it is said:

"Subrogation, being an equity springing from the relation between the parties, and created and enforced for the benefit and protection of the one in whose favor it originates, may be affected, modified, or extinguished by agreement, or be lost by acts or conduct constituting a waiver. Enforcement of the rights acquired by subrogation may be barred by limitations or precluded by delay amounting to laches." (p. 768.)

It is apparent from the foregoing rules discussed in connection with the doctrine of subrogation that a party who asserts rights by way of subrogation must do more than assume that he is subrogated to the rights of the original creditor. This general principle was discussed in *Waddle v. Bird,* supra.

It is unnecessary in the instant case to determine whether counsel for the claimant was in fact subrogated to the rights of Dr. Coffey or subrogated to the rights of the claimant to claim payment of the medical expense items of Dr. Coffey under the award. We hold if counsel for the claimant are asserting rights of subrogation by reason of their $50 payment to Dr. Coffey within one week after Dr. Coffey examined the claimant, it was their affirmative duty to so notify the respondent or its counsel of this fact when service of the 44-512a demand was made upon the respondent. Having failed to do so, the respondent was entitled to rely in the trial court on the fact that Dr. Coffey had been paid, and that there was no sum due and owing either to Dr. Coffey or to the claimant with respect to this item of the award at the time the demand was served.

By reason of the foregoing disposition of the case, we find it unnecessary to consider further contentions advanced by counsel in their respective briefs.

The judgment of the lower court is reversed.

FATZER, J., dissenting: There is an old adage that hard cases make bad law, and this is one of them. In an effort to see that justice is done, the court has, by an unwarranted interpretation of K. S. A. 44-512a, impliedly amended the statute by imposing the burden upon the claimant or his attorney to advise the employer and its insurance carrier of the amount of unpaid medical expenses which were incorporated in a compensation award and which they were directed to pay.

In the many cases where this court has construed and applied K. S. A. 44-512a, it held that the statute is remedial and supplements existing remedies provided in the act and applies to a different state of facts than those embraced in the original act of 1927; that the employer has the choice of protecting his vested rights by merely complying with the terms and requirements of the award by which he is bound until it is set aside, modified, paid or redeemed, or permit the employee to invoke the remedy of 44-512a for the collection of all future installments; that it is the employer, not the claimant or his attorney, who has the burden to determine

what is due and payable where an award has been made ordering the employer and its insurance carrier to make payments of compensation; that the failure to pay any part of the compensation awarded when due and payable within the time prescribed by the statute and after demand, makes the entire amount of the award immediately due and payable and provides a cause of action to the employee to recover the entire amount of compensation awarded in like manner as the collection of a debt, and the remedies of execution, attachment, garnishment or any other remedial procedure provided by the laws of this state are available for enforcement of the judgment. A few of our many cases establishing this law are *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 152 P. 2d 860; *Miller v. Massman Construction Co.*, 171 Kan. 713, 237 P. 2d 373; *Babcock v. Dose*, 179 Kan. 298, 293 P. 2d 1007; *Owen v. Ready Made Buildings, Inc.*, 180 Kan. 286, 303 P. 2d 168; *Owen v. Ready Made Buildings, Inc.*, 181 Kan. 659, 313 P. 2d 267, *and Teague v. George*, 188 Kan. 809, 365 P. 2d 1087.

The court's opinion appears to recognize the foregoing legal principles since it cites *Owen v. Ready Made Buildings, Inc.*, 181 Kan. 659, 313 P. 2d 267, and *Miller v. Massman Construction Co.*, supra, holding that the failure to pay any part of the compensation awarded when due and payable, including medical expenses, within the time prescribed by the statute after service of demand, makes the entire compensation immediately due and payable, and that the statute places the burden upon the respondent and its insurance carrier *to determine what is due and payable when an award has been made ordering them to make payments.* However, the court's opinion purports to distinguish those cases from the instant case by stating, "In each of these cases the distinguishing characteristic is the fact that the respondent knew the actual amount of compensation awarded, and that sums were due and payable under the award within the prescribed period from the demand." The conclusion is based on an unsound premise and is not warranted by either of those cases.

The Owen case, *supra*, involved, as does the instant case, medical expenses awarded a doctor in the claimant's award of compensation, which was unpaid. The employer and its insurance carrier, realizing that the medical expenses ordered to be paid by the award had not been fully paid within fourteen days, contacted the doctor and attempted to ascertain the balance owing. Contrast the instant case: The respondent and its insurance carrier paid all

items of the award including Dr. Marsh and Dr. Zweifel's medical expenses, but made no attempt to ascertain the amount due and owing Dr. Coffey, also ordered paid by the district court's judgment. The Owen case held that failure to pay within two weeks after demand had been served, any part of the compensation awarded when due, or any installment thereof including medical expenses, makes the entire amount of compensation awarded immediately due and payable, and authorizes the employee to maintain an action for recovery of the entire amount of compensation awarded.

In the Miller case, *supra,* it was said that the employer and the insurance carrier, not the claimant-employee, have the burden of avoiding effects following a demand made in accordance with the terms of K. S. A. 44-512a.

In my opinion, it is completely immaterial to a decision in this case whether claimant's attorney paid Dr. Coffey for his services prior to the commencement of proceedings to secure the claimant a workmen's compensation award. Likewise, my dissent is not based on the fact that claimant's attorney paid Dr. Coffey and was therefore entitled to enforce a claim for such item against the respondent and its insurance carrier by subrogation. In my opinion, claimant's attorney had no such right. He is not an "other person entitled" to be paid compensation as that term is used in K. S. A. 44-512a.

The cold facts of this record are that the respondent and its insurance carrier were dissatisfied with the examiner's award of compensation, which included an item of Dr. Coffey's medical expense, and they invoked their recourse of an appeal to the district court. Upon consideration of the law and the facts, the district court made its findings and conclusions and rendered a judgment against them, ordering payment of compensation to the claimant and payment of medical expenses for services to the claimant by Drs. Marsh and Zweifel, and Dr. Coffey up to $100. The respondent and its insurance carrier did not perfect an appeal to the Supreme Court, but permitted the award to become a final judgment. ( *Teague v. George,* supra, 812, 813.) They regularly paid the claimant compensation as ordered, and also paid Drs. Marsh and Zweifel in accordance with the award. However, with respect to that part of the award directing payment of Dr. Coffey's services up to $100, they sat back in self-satisfaction that they had no duty to ascertain the amount due him, or whether it had been paid. After service of the demand to pay "the entire amount of compensation awarded," which was served more than 30 days after the district court's award

of compensation became final, they persisted in their attitude and still did nothing about ascertaining the amount they owed Dr. Coffey under the award.

The imperative duty of the respondent and its insurance carrier was to pay the judgment rendered, which they concede they did not do. It was not until the trial of the 44-512a case that it was ascertained claimant's counsel had paid Dr. Coffey some two years previous. That payment did not satisfy the judgment against them, nor relieve them of their obligation to pay compensation in accordance with the award. It appears they were derelict in two respects: First, in not ascertining at the hearing before the compensation examiner and in the district court on appeal, the amount of medical services, if any, which were due and payable to Dr. Coffey, and second, in failing to ascertain, after judgment was rendered against them, the amount of Dr. Coffey's medical services and what part, if any, was due and payable. As was held in the Miller case, *supra*, it is the employer and the insurance carrier, not the claimant or his attorney, who have the burden of paying compensation awarded and of avoiding effects following a demand to pay compensation "due and payable" *under the award.*

I would affirm the judgment of the district court.