**AMERIGAS PROPANE, INC.,
a Delaware Corporation,
Appellant (Defendant),**

v.

**Charles A. BING and Ovella P. Bing, Appellees (Plaintiffs).**

**No. 93–166.**

Supreme Court of Wyoming.

June 15, 1994.

_____

Dan B. Riggs of Lonabaugh & Riggs, Sheridan, and Fred R. Silvester of Silvester & Conroy, Salt Lake City, for appellant.

Joel M. Vincent of Vincent & Vincent, Riverton, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Amerigas Propane, Inc. appeals from the district court's order which denied Amerigas's motion for a satisfaction of judgment or relief from the judgment.

We reverse and remand.

Amerigas presents the following issues on appeal:

> Whether the trial court erred as a matter of law in refusing to credit Amerigas for a voluntary payment made pursuant to a stipulation and plaintiffs' receipt of payment?

> Whether the trial court erred in refusing to credit Amerigas' voluntary payment pursuant to Wyo.Stat. § 1–1–108?

> Whether the jury verdict form and jury instructions that charged the jury to compensate plaintiffs for their total damages is the law of the case as it relates to the measure of plaintiffs' damages?

On December 24, 1990, an explosion occurred at Amerigas's retail propane delivery business which was located in Riverton, Wyoming. Appellees Charles Bing and Ovella Bing owned a motel which was situated directly east of the propane facility. The explosion damaged their motel.

The Bings filed a complaint in the district court in November 1991 against Amerigas. In April 1992, Amerigas voluntarily paid $70,000 to the Bings and entered into a stipulation with them which provided:

1. Amerigas Propane, Inc., will tender a check in the amount of Seventy Thousand and No Dollars ($70,000.00) payable to the order of Charles A. and Ovella P. Bing and their attorney, Joel M. Vincent. A receipt will be given for the payment.

2. The fact and the amount of the payment referenced in paragraph one above may be used as evidence at trial by either party if the payment is relevant to any damage claim pursued by the plaintiffs.[1]

3. Seventy Thousand Dollars ($70,000.00) will be deducted from any judgment awarded in favor of the plaintiffs and against the defendant in this case.

The Bings and their attorney signed a receipt for the $70,000 payment which acknowledged that they had received the check and "that the SEVENTY THOUSAND DOLLARS represent[ed] payment for a portion of the damages claimed by [the Bings]." They also "acknowledged and agreed that SEVENTY THOUSAND DOLLARS ($70,000.00) [would] be deducted from any judgment awarded to the [Bings]."

Before the trial, the parties stipulated that Amerigas's negligence was the proximate cause of the explosion. The trial on the merits commenced on March 15, 1993. At the conclusion of the trial, the jury returned a verdict in favor of the Bings in the amount of $259,329. On April 22, 1993, the district court entered a judgment in favor of the Bings for $263,085.96, and neither party objected. The $263,085.96 judgment included the $259,329 verdict plus the Bings' costs as agreed upon by the parties.

Amerigas tendered a check in the amount of $193,879.46 to the Bings and requested that the Bings sign a receipt for the check. The receipt indicated that the $193,879.46 represented the amount of the judgment, less the $70,000 payment, plus the interest which had accrued since the date the judgment was entered. Amerigas also requested that the Bings enter a satisfaction of judgment. The Bings accepted the check and filed a partial satisfaction of judgment. They refused to sign the receipt or to execute a full satisfaction of judgment because they contended that they were entitled to receive payment of an additional $70,000 on the principal of the judgment.

Amerigas filed a motion with the district court for a satisfaction of judgment or relief from the judgment. After holding a hearing, the district court denied Amerigas's motion. Amerigas appealed to this Court.

Both parties agree that Amerigas was entitled to receive a credit for the $70,000 payment which it made to the Bings prior to the trial. Amerigas contends that, pursuant to the stipulation, the $70,000 payment should have been deducted from the amount of the final judgment entered by the district court. The Bings, on the other hand, argue that the jury took the $70,000 payment into account in reaching its verdict and that the Bings were entitled to collect the full amount of the judgment.

The district court instructed the jury to determine the amount of damages, if any, which the Bings had incurred as a result of Amerigas's negligence:

### INSTRUCTION NO. 3

Defendant Amerigas Propane admits it is responsible for any damage suffered by plaintiffs (Charles and Ovella Bing) as a direct and proximate result of the explosion of December 24, 1990. The only questions remaining for your determination are:

(1) What damages, if any, were suffered by Charles and Ovella Bing as a result of the explosion; and

(2) What amount of money will reasonably compensate the Bings for those damages.

Such an admission of responsibility should in no way prejudice you either for or against the defendant, nor influence you

---

1. Under the provisions of Wyo.Stat. § 1–1–108 (1988), a voluntary partial payment of a claim which is made on the basis of alleged liability for an injury or property damage "is not admissible as evidence in any action for the purpose of determining the amount of any judgment, with respect to the parties to the occurrence from which the claim arose." The parties do not dispute the admission of the evidence of the prior payment. We do not, therefore, determine the legal relationship between the voluntary agreement to allow admission of that evidence and § 1–1–108.

in any way in determining the issue of damages submitted to you.

## INSTRUCTION NO. 5

The objective of a damage award is to compensate plaintiffs for proven losses caused by the negligent conduct of the defendant. The damage award should be designed to compensate the plaintiffs in full measure for the total harm to them, which was proximately caused by the propane explosion.

The verdict form asked the jury to answer the following question: "What is the total amount of damages incurred by the [Bings] as a result of the explosion that occurred on December 24, 1990?"

The Bings assert that the jury learned of the $70,000 payment through the Bings' opening statement, some testimony, and their closing argument. They contend that the jury took the payment into account in arriving at the verdict.[2] We disagree.

The instructions, when they are read together, direct the jury to calculate the total amount of damages which the Bings suffered as a direct and proximate result of Amerigas's negligence. See Collins v. State, 854 P.2d 688, 700 (Wyo.1993) ("Instructions must be considered as a whole, and individual instructions, or parts of them, should not be singled out and considered in isolation"). The district court did not instruct the jury to take the $70,000 payment into account while it was determining the Bings' damages.

The Bings did not object to the instructions, nor did they offer any instructions which would have informed the jury how to address the $70,000 payment. "The instructions given the jury, without objection, became the law of the case." Barnes v. State, 858 P.2d 522, 535 (Wyo.1993). See also TG v. Department of Public Assistance and Social Services, Sheridan (In re CH), 783 P.2d 155, 160 (Wyo.1989), and W.R.C.P. 51. "'We assume that juries follow their instructions and

understand them.'" City of Cheyenne v. Simpson, 787 P.2d 580, 581 (Wyo.1990) (quoting Goggins v. Harwood, 704 P.2d 1282, 1295 n. 17 (Wyo.1985)). See also DeJulio v. Foster, 715 P.2d 182, 187 (Wyo.1986). We, therefore, assume that the jury followed its instructions and calculated the total amount of damages suffered by the Bings even though it was aware that the $70,000 payment had been made.

The plain and unambiguous language of the stipulation provided that the $70,000 payment must be deducted from the amount of any judgment which was awarded in favor of the Bings and against Amerigas. Lund v. Lund, 849 P.2d 731, 739 (Wyo.1993) (the intention of the parties to a written agreement is determined by reviewing the words of the agreement, provided that the language is clear and unambiguous). The stipulation was consistent with the provision of Wyo. Stat. § 1–1–108 (1988) which states: "After entry of judgment, any such [voluntary partial] payment [of a claim which is made on the basis of alleged liability for injury or property damage] shall be treated as a credit and deducted from the amount of the judgment." See generally Haderlie v. Sondgeroth, 866 P.2d 703, 710–12 (Wyo.1993) (explaining the purpose of § 1–1–108). The $193,879.46 payment which was made by Amerigas to the Bings after the judgment had been entered together with the earlier $70,000 payment fully satisfied the judgment.[3] The Bings were under a duty to release the satisfied judgment. Wyo.Stat. § 1–16–308(a) (Supp.1993). As a matter of law, the district court erred by denying Amerigas's motion for a satisfaction of judgment.

Reversed and remanded with directions that a full satisfaction of judgment be entered in favor of Amerigas.

---

2. The Bings contend that they spoke with several jurors who told them that the jury had taken the payment into account. They also assert that one of the jurors was in possession of a handwritten note showing the jury's calculations. We refuse to use these statements to impeach the jury's verdict. The statements are completely unsubstantiated on the record. In Elite Cleaners and

Tailors, Inc. v. Gentry, 510 P.2d 784, 787 (Wyo. 1973), we refused to allow jurors' affidavits to be admitted to impeach the verdict. Here, the evidence is much less credible.

3. The parties did not present any argument disputing the amount of post-judgment interest tendered by Amerigas.