Lucy M. STILSON, Appellant (Plaintiff),

v.

Daina B. HODGES, Appellee (Defendant).

No. 96–165.

Supreme Court of Wyoming.

Feb. 28, 1997.

Lawrence B. Hartnett, Jackson, for Appellant.

David B. Hooper of Hooper Law Offices, P.C., Riverton, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and W. THOMAS SULLINS, District Judge.

MACY, Justice.

Appellant Lucy Stilson appeals from the trial court's order which granted Appellee Daina Hodges's motion to compel satisfaction of a judgment.

We affirm.

## ISSUE

Stilson presents a single issue in her appeal:

Did the trial court err by allowing the appellee to satisfy the judgment against her by paying the same to the clerk of the district court, and by denying the appellant the right to receipt or use of any portion of her judgment until appellant provided the court with a release from her own insurance company, releasing appellee's insurance company and appellee from any liability to appellant's insurance company arising from appellant's insurance compan[y's] claimed subrogation rights to a portion of the judgment proceeds[?]

## FACTS

On November 21, 1990, Stilson and Hodges were involved in an automobile accident in Jackson. Stilson's insurer, Allstate Insurance Company, paid Stilson's medical expenses. Allstate then sent three letters to Hodges's insurer, State Farm Fire and Casualty Company, stating that Hodges was responsible for the accident and that Stilson had assigned her claim against Hodges to Allstate. In one of the letters, Allstate stated: "Please accept this letter as notice of our subrogation claim." Another letter instructed State Farm as follows: "[P]lease do not make any bodily injury liability settlements with our insured unless you satisfy or protect our interests." The last letter stated that Allstate had paid $3,092.48 for Stilson's medical expenses.

On November 3, 1994, Stilson filed a personal injury action against Hodges. In addition to the other damages which she was claiming, Stilson claimed the expenses which she had incurred for her medical care. A trial was held, and the jury returned a verdict which found that the total amount of Stilson's damages was $21,500 and that Stilson was thirty percent at fault and Hodges was seventy percent at fault. In accordance with the jury's verdict, the trial court entered a judgment for $15,050 in favor of Stilson.

State Farm attempted to satisfy the judgment on behalf of Hodges by tendering a $12,147.18 check which was made payable to Stilson and her attorney and a $3,092.48 check which was made payable to Stilson and Allstate. The total of these checks equaled the judgment amount plus interest. Stilson refused to accept the payments because she did not agree that the second check should be made payable to her and Allstate jointly.

Hodges filed a motion to compel satisfaction of the judgment. In her motion, Hodges stated:

Since [Stilson] proceeded to prosecute to judgment all of her claims and since Allstate had given [Hodges's] insurer notice of its subrogation rights, the only way for State Farm to protect itself and [Hodges] from double liability was to pay the Judg-

ment in accordance with the known interest[s] of [Stilson] and [Stilson's] insurance company.

After holding a hearing, the trial court granted Hodges's motion and made the following pertinent rulings:

2. [Hodges] shall tender the principal sum of the Judgment in the amount of $15,050.00 together with accrued interest at 10% per annum from November 6, 1995, to the Clerk of the District Court.

3. Upon the payment of the principal amount of the Judgment and all accrued interest, the Clerk of the District Court shall execute a Satisfaction of Judgment on a form provided by [Hodges].

4. The Clerk of the District Court shall thereafter hold the funds in her bank account until [Stilson] shall present to the Clerk a release from Allstate Insurance Company releasing State Farm Insurance and [Hodges] from any liability for the lien declared by Allstate Insurance Company on the proceeds of this lawsuit.

Hodges tendered the payment, and the clerk of the district court entered a satisfaction of judgment. Stilson appealed to this Court.

### DISCUSSION

Stilson maintains that the trial court erred when it ordered Hodges to submit the judgment amount to the clerk of the district court and ordered the clerk to enter a satisfaction of judgment in favor of Hodges and to hold the funds until Stilson presented a release from her insurance company. We will first consider whether the trial court had the authority to order Hodges to submit the judgment amount to the clerk of the district court and to order the clerk to enter a satisfaction of judgment after receiving the money.

■ Wyoming's rules of civil procedure allow a judgment debtor to deposit funds in satisfaction of a judgment with the court. W.R.C.P. 67; *see also Parker v. Artery,* 889 P.2d 520, 527 (Wyo.1995). When the judgment debtor has paid the judgment amount, the district court may order that a satisfaction of judgment be entered. *See Amerigas Propane, Inc. v. Bing,* 875 P.2d 1276, 1277–78 (Wyo.1994); *see also* WYO. STAT. §§ 1–16–

308 to −309 (Supp.1996). We conclude, therefore, that the trial court had the authority to order Hodges to submit the amount of the judgment debt to the clerk of the district court and to order the clerk to enter a satisfaction after Hodges satisfied the judgment.

■ We must now decide whether the trial court properly ordered that Stilson had to provide a release from Allstate before she could receive the money from the clerk. In its letters to State Farm, Allstate stated that it had subrogation rights because Stilson had assigned a portion of her claim to Allstate. Conventional subrogation, which can take effect only by agreement, is synonymous with assignment. *Northern Utilities Division of K N Energy, Inc. v. Town of Evansville,* 822 P.2d 829, 836 (Wyo.1991). Subrogation is defined as being " 'the substitution of another person in the place of a creditor, so that the person in whose favor [the subrogation] is exercised succeeds to the rights of the creditor in relation to the debt.' " *Commercial Union Insurance Company v. Postin,* 610 P.2d 984, 986 (Wyo.1980) (quoting *Criss v. Folger Drilling Company,* 195 Kan. 552, 407 P.2d 497, 500 (1965)). "[I]n Wyoming, causes of action for damage or injury to persons and property survive and are assignable, and consequently can be the subject of a claim for conventional subrogation." *Northern Utilities Division of K N Energy, Inc.,* 822 P.2d at 837. Likewise, a judgment creditor may assign his rights in the judgment to a third party. 47 AM.JUR.2D *Judgments* § 1011 (1995).

■ The assignment of a part of a debt transfers an equitable interest in that part of the debt to the assignee. 6 AM.JUR.2D *Assignments* § 81 (1963). In order to prevent the debtor from paying the assignor, the assignee must give the debtor notice that the assignment has been made. *See id.* "The general rule is that if the debtor pays the assignor after notice of a partial assignment of the debt, [the debtor] may be held liable in equity by the assignee." *Id.* at 262. *See also Independent National Bank v. Westmoor Electric, Inc.,* 164 Ariz. 567, 571, 795 P.2d 210, 214 (Ct.App.1990); *Mid–States Sales Company, Inc. v. Mountain Empire Dairy-*

*men's Association, Inc.,* 741 P.2d 342, 347 (Colo.Ct.App.1987).

■ In this case, Hodges and State Farm received notice that Stilson had assigned a part of her claim against Hodges to Allstate because Allstate had paid Stilson's medical expenses. After receiving the assignment notice, Hodges and State Farm were obligated to pay Allstate's claim, and, should they fail to do so, they would risk being held liable to Allstate.

Stilson argues that the trial court did not have the authority to create a lien against her judgment proceeds in favor of Allstate. She contends that statutory authority which would allow such a lien to be established did not exist and that the record does not contain any evidence which supports the creation of a lien by contract. Although the trial court did call Allstate's interest a lien, we do not believe that the trial court used the term "lien" in a technical sense. Allstate's asserted interest in the proceeds from Stilson's judgment is more accurately described as being an equitable interest rather than as being a lien. 6 Am.Jur.2d, *supra,* at § 81. Since Allstate's interest was not technically a lien, we do not need to determine whether the trial court had the authority to create a lien in favor of Allstate.

Stilson also asserts that the trial court erred by effectively allowing Allstate to have a prejudgment attachment against her property. Once again, Stilson mischaracterizes the nature of Allstate's claim. Allstate simply asserted an equitable interest in the judgment proceeds and did not request or receive any prejudgment attachment right.

■ Stilson contends further that, since the trial court decided matters which concerned Allstate, Allstate should have been joined as a party in this case. In addressing Stilson's contention, we must identify what matters the trial court did and did not address in its order. The trial court's order required Stilson to get confirmation that Allstate was releasing Hodges and State Farm from further liability. The order did not adjudicate any dispute between Stilson and Allstate. The trial court did not determine whether the assignment was effective or whether Stilson was required to reimburse Allstate for the medical expenses which it had paid on her behalf. Those matters should be settled directly between Stilson and Allstate. The controversy between Stilson and Allstate is of no concern to Hodges and State Farm so long as Allstate cannot hold Hodges and State Farm liable for failing to recognize the assignment. When the trial court required Stilson to get a release before she could obtain the funds from the clerk of the district court, the trial court properly acknowledged Allstate's asserted equitable interest in the judgment proceeds and sought to protect Hodges and State Farm from further liability to Allstate.

Affirmed.

TAYLOR, Chief Justice, dissenting, with whom W. THOMAS SULLINS, District Judge, joins.

I respectfully dissent.

Lucy Stilson, after pursuing her personal injury case to judgment, is now placed in the untenable position of defending a subrogation claim involving parties, claims and demands outside of the issues involved in the litigation.

Allstate Insurance Company was satisfied with informing State Farm Fire and Casualty Company of their claim on three occasions prior to Stilson obtaining judgment in her action against Daina Hodges. Allstate had ample opportunity to intervene under the provisions of W.R.C.P. 24, but complaisantly stood by, apparently confident that State Farm would carry the day for them.

State Farm, although aware for almost three years of Allstate's claim, now fear they will be faced with double liability if they pay the judgment awarded to Stilson in her civil action. State Farm had every opportunity to resolve the subrogation claim by the simple expedient of joining Allstate in the action under the provisions of W.R.C.P. 22.

I believe the judgment should be paid to Stilson, and the insurance companies having failed to exert their claims, should now be left to their own devices.

I would reverse.